# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Adelina Garcia et al.,**

       **Plaintiffs,**

**v.**                                       **Case No. 06-2198-JWL**

**Tyson Foods, Inc. and**
**Tyson Fresh Meats, Inc.,**

       **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs, individually and on behalf of others similarly situated, filed this suit against defendants alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Specifically, plaintiffs, all current or former employees at defendants' beef processing facility in Finney County, Kansas, allege that defendants failed to compensate them for time spent performing compensable activities such as donning and doffing required protective clothing and gear; cleaning equipment; walking to and from the changing area, work areas and break areas; waiting for the production line to operate; and performing production work during unpaid meal periods. Defendants moved for partial summary judgment on plaintiffs' donning and doffing claims on the grounds that those claims were either barred by *Reich v. IBP, Inc.*, 38 F.3d 1123 (10th Cir. 1994) or barred by a negotiated settlement between defendants and the Department of Labor. On February 16, 2007, the court, in a written memorandum and order, denied defendants' motion in its entirety. This matter is now before the court on defendants' motion to alter or amend that order. As will be explained, the motion

is denied.

## I.      Applicable Standard

The threshold issue presented by defendants' motion is whether the procedural vehicle utilized by defendants to challenge the court's February 16, 2007 order–a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e)–is the appropriate one.  Defendants contend that Rule 59(e) applies to their motion because the court's February 16, 2007 order had the practical effect of modifying the *Reich* injunction such that the order constitutes an interlocutory order appealable under 28 U.S.C. § 1292(a)(1) and is thus considered a "judgment" for purposes of Rule 59(e).  *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes . . . any order from which an appeal lies.").  Plaintiffs, on the other hand, contend that the court's February 16, 2007 order did not modify the *Reich* injunction in any respect and, accordingly, defendants may seek relief from the court's order only by filing a motion for reconsideration pursuant to this court's local rules.  *See* D. Kan. R. 7.3(b).

For purposes of analyzing the merits of defendants' motion, it is largely irrelevant whether the court treats the motion as one to alter or amend pursuant to Rule 59(e) or one for reconsideration pursuant to Local Rule 7.3(b).  As the parties recognize, the legal standards applicable to Rule 59(e) motions are identical to those applicable to motions for reconsideration under the Local Rule.  *See* D. Kan. R. 7.3(b) (A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.");  *Servants of Paraclete v. Does*, 204

2

F.3d 1005, 1012 (10th Cir. 2000) (stating these same three grounds for a Rule 59(e) motion). Indeed, the significance of the distinction relates only to defendants' desire to seek an immediate appeal of the court's February 16, 2007 order. As noted earlier, if the court's order is construed as modifying the *Reich* injunction, defendants will be entitled to an interlocutory appeal under 28 U.S.C. § 1292(a)(1). While defendants are entitled to seek an appeal and have the Tenth Circuit determine in the first instance whether this court has modified the *Reich* injunction such that the Circuit would have jurisdiction to review the February 16, 2007 order, defendants nonetheless urge the court to acknowledge expressly that it has modified the *Reich* injunction, perhaps hoping to foreclose any independent determination by the Circuit of the practical effect of the court's order.

The court, however, did not modify the *Reich* injunction and its February 16, 2007 order did not have the practical effect of modifying the injunction. According to defendants, the court has modified the injunction by rejecting "a provision of the *Reich* injunction" recognizing that the donning and doffing of standard clothing is "not compensable as a matter of law." This argument lacks merit. None of the provisions of the injunction addresses the donning and doffing of standard clothing or any other activity that the *Reich* court concluded was non-compensable. In fact, the injunction speaks only to those activities found by the *Reich* court to be compensable and the injunction directs defendants to take certain actions with respect to only those activities.[1] Indeed, defendants concede as much in their reply brief but urge that the

---

[1]The injunction, for example, directs defendants to implement "recordkeeping practices sufficient to record the time spent by each employee in performing the pre-shift and

injunction incorporates by reference prior rulings of the *Reich* court and the Tenth Circuit addressing the non-compensability of certain activities, including the donning and doffing of standard clothing. That argument, too, lacks merit. The injunction references only one prior order–the *Reich* court's March 21, 1996 memorandum and order. That order, consistent with the injunction, addresses defendants' obligations only with respect to those activities previously found by the *Reich* court to be compensable. In fact, the order discusses the contours of the permanent injunction (which were ultimately captured in the separate injunctive order that defendants now assert the court has modified) and states that defendants "will be permanently enjoined against future violations of the overtime and recordkeeping provisions of the FLSA, 29 U.S.C. §§ 207, 211, and 215(a)(2) and (5), in accordance with our earlier opinion and the opinion of the Tenth Circuit, *regarding the compensable pre-shift and post-shift activities*." *Reich v. IBP, Inc.*, 1996 WL 137817, at *8 (D. Kan. Mar. 21, 1996) (emphasis added). The injunction, then, clearly addresses only those activities found by the *Reich* court to be compensable. To the extent, then, that the court's February 16, 2007 order addresses activities that the *Reich* found to be non-compensable, the court's order simply falls outside the scope of the *Reich* injunction.

III.    **Discussion**

post-shift activities found to be compensable under the Act."

4

As the court's February 16, 2007 order did not modify the *Reich* injunction, the court construes defendants' motion as a motion for reconsideration. According to defendants, reconsideration of the order is necessary to correct clear error and prevent manifest injustice. *See* D. Kan. R. 7.3(b). The court disagrees.

*The Tenth Circuit's Opinion in* Reich

In their underlying motion for partial summary judgment, defendants urged that plaintiffs' claims for compensation for time spent donning and doffing standard protective clothing and gear are barred by the Tenth Circuit's decision in *Reich v. IBP, Inc.*, 38 F.3d 1123 (10th Cir. 1994). The court rejected this argument, concluding that *Reich* did not bar plaintiffs' claims because the analysis employed by the Circuit in *Reich* has been significantly undermined by the Supreme Court's decision in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) such that the Circuit would approach its analysis differently if faced with the issues in *Reich* today.[2]  In their motion for reconsideration, defendants reiterates the same argument they asserted in their initial

---

[2]According to defendants, it is irrelevant whether *Reich* has been undermined by *Alvarez*; the court is bound to follow *Reich* unless and until that decision is "expressly overruled" by a subsequent decision. However, to the extent *Alvarez* clarified issues pertinent to the *Reich* decision, it is appropriate for this court to consider the impact of *Alvarez* on the *Reich* decision in analyzing defendants' motion for partial summary judgment. *See Weitz v. Lovelace Health Sys.*, 214 F.3d 1175, 1180 (10th Cir. 2000) ("In the case of an intervening Supreme Court ruling, a single panel is permitted to reconsider a previous Tenth Circuit decision to the extent the new case law invalidates our previous analysis."); *Hurd v. Pittsburg State Univ.*, 109 F.3d 1540, 1542 (10th Cir. 1997) ("Because *Seminole Tribe* did indeed change Eleventh Amendment law, it is appropriate for us to review its impact on our previous ruling.").

briefing–that *Alvarez* in no way undermines *Reich*.  In summary, defendants contend that the threshold issue in analyzing the compensability of donning and doffing is whether those activities constitute "work" and, if it is determined that those activities are not "work," then the inquiry ends and the FLSA is not implicated even if those activities are "integral and indispensable" to a principal activity performed by employees.  According to defendants, then, it is irrelevant that the *Reich* court observed that donning and doffing of certain clothing and equipment was "integral and indispensable" because the Circuit, having already determined that such activities did not constitute "work" under *Tennessee Coal*, closed the door on the compensability issue entirely.

Defendants' assertion that an "integral and indispensable" activity is not compensable under the FLSA if that activity is not "work" is simply not an accurate statement of the law.  As the Supreme Court made clear in *Alvarez*, "any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act,' and is thus compensable under the FLSA."  *Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1287 (10th Cir. 2006) (quoting *Alvarez*, 126 S. Ct. at 525).  Moreover, contrary to defendants' argument, the "work" analysis under *Tennessee Coal* is not a "threshold" issue separate and independent from the "integral and indispensable" issue.  Rather, the two concepts are intertwined such that courts, in determining whether an activity constitutes compensable "work," analyze whether that activity is an integral and indispensable part of the principal activities for which employees are employed.  *See, e.g., Smith*, 462 F.3d at 1286-87 (explaining that the Portal-to-Portal Act does not change the Supreme Court's early definition of "work" and that Congress still intended

activities to constitute "work" if those activities are integral and indispensable to the principal activities of employees); *Brock v. City of Cincinnati*, 236 F.3d 793, 801 (6th Cir. 2001) ("[T]o determine whether the officers performed compensable 'work,' the district court had to confront . . . [whether the activity was] an integral and indispensable part of the principal activities for which the handlers were employed."). The problem with *Reich*, then, is that its exclusive reliance on the narrow *Tennessee Coal* definition of "work" (coupled with its observance that the donning and doffing of certain clothing and equipment was integral and indispensable) cannot be reconciled with *Alvarez*'s instruction that any activity that is integral and indispensable to a principal activity constitutes compensable work for purposes of the FLSA.[3] For these reasons, the court stands by its conclusion that *Reich* will not bar plaintiffs' claims in this case.

*Sanitary Outergarments*

Defendants next urge the court to clarify that the donning and doffing of sanitary outergarments is not compensable even under the court's February 16, 2007 analysis and its

---

[3]While an integral and indispensable activity is covered by the FLSA, an employer is not required to compensate an employee for an activity that is otherwise compensable if the activity involves time that is *de minimis*. The question of whether the *de minimis* exception applies, however, is separate and distinct from the question of whether the activity is covered by the FLSA. *See Reich v. Monfort, Inc*., 144 F.3d 1329, 1333 (10th Cir. 1998) (otherwise compensable activities are not included in calculating hours worked in a week if the period of time spent on an activity is so "insubstantial and insignificant" that it ought not be included in the work week); *Metzler v. IBP, Inc*., 127 F.3d 959, 961-62 (10th Cir. 1997) (explaining that the first phase of the *Reich* litigation established that certain activities were compensable and the second phase measured damages by, among other things, determining whether time spent on such activities was de minimis).

reliance on *Alvarez* because the Tenth Circuit in *Reich* determined that sanitary outergarments are not "integral and indispensable." However, as the court explained in its February 16, 2007 order, to the extent the Circuit or this court determined that some category of clothing or equipment was not integral and indispensable, that determination would not necessarily mean that the donning and doffing of such clothing or items was not compensable. Rather, a determination would still need to be made as to "whether the donning and doffing occurred during the continuous workday; that is, whether the donning and doffing occurred after the beginning of the employee's first principal activity and before the end of the employee's last principal activity." Defendants do not quarrel with this statement and have not come forward with evidence pertinent to the "continuous workday" issue. The court, then, declines to hold as a matter of law that the donning and doffing of sanitary outergarments is not compensable.[4]

*Meal Periods*

Finally, defendants contend that the court erred in rejecting the application of *Reich* to clothes-changing activities occurring before and after unpaid meal periods. In their motion for partial summary judgment, defendants argued that summary judgment was warranted on

---

[4]While it is not entirely clear from their papers, defendants appear to believe that the court, in its February 16, 2007 order, held that the donning and doffing of all clothing and equipment worn and utilized by plaintiffs is "integral and indispensable" and, thus, compensable. In truth, the court did not resolve the compensability issue (or, for that matter, the "integral and indispensable" issue) with respect to any clothing or equipment. Rather, the court simply held that *Reich*, contrary to the argument asserted by defendants in their motion for partial summary judgment, did not bar plaintiffs from asserting their claims.

plaintiffs' pre- and post-meal-period donning and doffing claims on the grounds that the rationale set forth in *Reich* (that such activity is simply not "work") applied with equal force regardless of whether the donning and doffing occurs before or after a shift or whether it occurs before or after a meal period. The court rejected this argument for the same reasons that it rejected defendants' argument concerning the pre- and post-shift donning and doffing claims. Specifically, the court declined to extend *Reich*'s rationale to plaintiffs' pre- and post-meal-period donning and doffing claims because *Alvarez* has significantly undermined the *Reich* analysis. In their motion for reconsideration, defendants again urge that *Reich*'s "work" holdings should apply equally to activities at the meal period. This is clearly an inappropriate basis for reconsideration as the identical argument was made by defendants and addressed by the court in connection with the motion for partial summary judgment.

Defendants also suggest that the court's analysis extended to activities occurring during "bona fide meal periods." In that regard, defendants direct the court to various regulations concerning "bona fide meal periods" and discuss the compensability of activities occurring "during a meal period." However, defendants did not move for summary judgment on plaintiffs' claims concerning the compensability of activities occurring during unpaid meal periods, *see* defendants' memorandum in support of motion for partial summary judgment at note 1, and the court's order did not address claims concerning the compensability of activities occurring during meal periods. Thus, defendants' arguments concerning bona fide meal periods is simply not pertinent to the court's February 16, 2007 order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to alter or amend the court's February 16, 2007 order (doc. 674) is denied.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

10