**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ADELINA GARCIA, et al.,**
**Individually, and on Behalf of a Class**
**of Others Similarly situated,**

                      **Plaintiffs,**          **Civil Action**

**v.**                                **No. 06-2198-JWL-DJW**

**TYSON FOODS, INC., et al.,**

                      **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Defendants' Motion to Stay (doc. 710). Defendants ask the Court to stay proceedings in this case pending a ruling by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on Defendants' motion to transfer and consolidate this action with ten other cases. For the reasons set forth below, the Court grants the motion in part.

**I.**    **Background Facts**

Plaintiffs are current and former hourly workers at Defendants' facility located in Holcomb, Kansas. Plaintiffs seek to recover earned but unpaid overtime wages from Defendants under the Fair Labor Standards Act ("FLSA"). Plaintiffs claim that Defendants' compensation policies and practices violate the FLSA and that Defendants have failed to keep accurate time records and failed to pay Plaintiffs for overtime hours they worked. Plaintiffs' FLSA claims are brought as a section 16(b) collective action.

Plaintiffs also seek certification of a state law class action on behalf of current and former workers of Defendants, claiming that they were not paid for all of the time they worked. Plaintiffs

assert state law claims for breach of contract, *quantum meruit*, and violation of the Kansas Wage Payment Act.

On July 23, 2008, Defendants filed, pursuant to 28 U.S.C. § 1407, a motion with the MDL Panel, seeking to transfer and consolidate this action and ten other cases that Defendants contend raise similar allegations and defenses.

**II.     Applicable Law Regarding Stays Pending Transfer Rulings by the MDL Panel**

A district court has the inherent power to stay its proceedings.[1] This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[2] In exercising this power, the Court "must weigh competing interests and maintain an even balance."[3]

A case is not automatically stayed merely because a party has moved the MDL Panel for transfer and consolidation.[4] Indeed, MDL Rule 1.5 provides as follows: "The pendency of a motion . . . before the Panel concerning transfer . . . of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."[5]

In deciding whether to grant a stay based on the pendency of a motion to transfer before the MDL Panel, courts typically consider three factors: (1) potential prejudice to the nonmoving party

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 249, 254 (1936); *Kittel v. First Union Mortgage Corp.*, 303 F.3d 1193, 1194-95.

[2] *Landis*, 299 U.S. at 254.

[3] *Id.*

[4] *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

[5] MDL Rule 1.5.

2

if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved by avoiding duplicative litigation.[6] The decision to grant or deny a temporary stay of proceedings pending a ruling by the MDL Panel on a motion to transfer lies within the court's discretion.[7]

### III.    The Parties' Arguments

Defendants argue that staying this case would save Defendants "from the hardship of simultaneously litigating identical issues and conducting identical discovery in multiple jurisdictions."[8] Defendants also argue that a stay would preserve judicial resources by avoiding the need to address issues that other counsel will have to address if the MDL Panel transfers this action. They also maintain that a stay would avoid "the type of conflicting pretrial determinations that section 1407 is designed to avoid."[9]  Finally, Defendants assert that Plaintiffs would not be prejudiced by a stay, particularly since Defendants anticipate that the MDL Panel is likely to hear their motion for transfer at the Panel's September hearing.

Plaintiffs, on the other hand, argue that a stay will be prejudicial to them and the putative class members in light of the fact that Plaintiffs have waited almost two years to proceed with the case while Defendants' unsuccessful motion for partial summary judgment was pending before this

---

[6]*Franklin v. Merck & Co., Inc.*, No. 06-cv-2164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007); *Bd. of Tr. of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F.Supp. 2d 900, 905 (N.D. Ill.2002); *Rivers,* 980 F.Supp. at 1360.

[7]*Benge v. Eli Lilly and Co.,* 553 F. Supp. 2d 1049,1050 (N.D. Ind. 2008); *Baeza v. Tibbetts*, No. 06-0407 MV/WPL, 2006 WL 2863486, at *1 (D. N.M. July 7, 2006) (citing *Landis,* 299 U.S. at 254-55); *Rivers*, 980 F. Supp. at 1360.

[8]Defs.' Suggestions in Supp. of Mot. to Stay (doc. 711) at p. 2.

[9]*Id.*

Court and then the Tenth Circuit.  Further, Plaintiffs argue that judicial economy will not be served.  Plaintiffs state that they are ready to file their motion to certify a collective action.  Plaintiffs point out that Defendants argue in their motion to transfer and consolidate that upon consolidation, the multidistrict litigation should be sent to this district.  Plaintiffs assert that regardless of whether or not the case is transferred to this Court as part of multidistrict litigation, this Court will still be required to rule on the motion to certify.  Thus, Plaintiffs maintain that there is no reason for this Court to delay briefing or ruling on Plaintiff's motion to certify.  Finally, Plaintiffs state that they are willing to agree to stay all proceedings except those unrelated to Plaintiff's certification motion.

**IV.   Analysis**

The Court finds Plaintiffs' arguments persuasive, particularly as to the potential prejudice to the putative class members.  This case has been on file since May 15, 2006.  The case has been delayed for a significant period of time pending Defendants' appeal of this Court's ruling denying their motion for partial summary judgment.  As Plaintiffs point out, those individuals who have not yet learned of this action and of their rights as putative class members will be prejudiced by still further delay.  Clearly, the further passage of time will make it increasingly difficult for Plaintiffs' counsel to locate the putative class members in order to inform them of their rights, particularly in light of the transient nature of the class.  Thus, the Court finds that a stay of collective action certification issues would be prejudicial to Plaintiffs and the putative class members.  As Plaintiffs are willing to agree to stay all proceedings unrelated to their motion to certify, this should alleviate Defendants' concern that they will be prejudiced by having to conduct identical discovery in multiple jurisdictions.

In sum, the Court finds that the interests of judicial economy and efficiency will be served, and prejudice to all parties will be minimized, if the case is stayed as to all proceedings except those relating to the filing of a motion for certification of a collective action by Plaintiffs and related briefing.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (doc. 710) is granted in part and denied in part.  All proceedings are stayed pending a decision by the Judicial Panel on Multidistrict Litigation on Defendants' motion to transfer and consolidate, with the exception of the filing of a motion for certification of a collective action by Plaintiffs and related briefing.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of September 2008.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties