**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ADELINA GARCIA, et al.,
Individually, and on Behalf of a Class
of Others Similarly Situated,**

|                        |                        |
|------------------------|------------------------|
| **Plaintiffs,**        | **Civil Action**       |
| **v.**                 | **No. 06-2198-JWL-DJW** |
| **TYSON FOODS, INC., et al.,** |                |
| **Defendants.**        |                        |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Under Seal (doc. 849).

Plaintiff seeks leave to file under seal certain deposition testimony that has been marked

"Confidential" by Defendants pursuant to the parties' Stipulated Protective Order (doc. 365).

Plaintiffs seek to file the testimony as an exhibit to their Motion to Supplement the Amended

Complaint (doc. 848), which was filed on August 17, 2010.

**I.      Background Information**

The Stipulated Protective Order in this case provides that a party intending to file any

documents or deposition testimony designated "Confidential" under the Protective Order must file

"a notice with the Court requesting to file such information under seal."[1]  Apparently, the instant

motion is intended to be Plaintiff's "notice" under the Stipulated Protective Order.

Plaintiffs indicate in their motion that the deposition testimony at issue contains information

about Defendants' recent implementation of a certain pay policy regarding rest breaks.  Plaintiffs

_____

[1]Stipulated Protective Order (doc. 365) ¶ 5.

state that they do not agree with Defendants that the testimony "is genuinely confidential" and that

they have asked Defendants to withdraw the "Confidential" designation; however, Defendants have

declined to do so.[2]

The Court notes that pursuant to the Stipulated Protective Order, Defendants—as the parties

who designated this deposition testimony as "Confidential"—were to file, within seven days of the

filing of the present motion/notice, a pleading "in support of filing such information under seal . .

. set[ting] forth specific facts that would justify sealing the information."[3] Defendants have filed no

such pleading. Nor have they filed any response to Plaintiffs' Motion within the ordinary fourteen-

day response time.[4]

## II.     Law Regarding Sealing Court Documents

The decision whether to seal judicial records is a matter left to the sound discretion of the

district court.[5]   Courts have "long recognized a common-law right of access to judicial records."[6]

This right derives from the public's interest "in understanding disputes that are presented to a public

---

[2]Pls.' Mot. for Leave to File Under Seal (doc. 849) at 1-2.

[3]Stipulated Protective Order (doc. 365) ¶ 5.

[4]*See* D. Kan. Rule 6.1(d) ("Responses to nondispositive motions . . . must be filed within 14 days.").

[5]*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[6] *Id.* (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978)); *Hatfield v. Price Mgmt. Co.,* No. 04-2563-JWL-DJW, 2005 WL 375665, at*1 (D. Kan. Feb. 16, 2005); *Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (citations omitted); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[7]

This public right of access, however, is not absolute.[8]

In ruling on a motion to seal and exercising its discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof.[9] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[10]

In keeping with "the paramount right of public access," this Court requires a party moving for permission to file a particular document under seal to demonstrate a public or private harm that is sufficient to justify the sealing of the document.[11] That the parties have agreed in a stipulated protective order that a certain document or category of documents should be filed under seal is not sufficient; the party seeking to file a document under seal must establish a harm sufficient to overcome the public's right of access to judicial records.[12]

## III.    Discussion

---

[7]*Worford*, 2004 WL 316073, at *1 (citation omitted).

[8]*Id.* (citation omitted).

[9]*Id.* (citation omitted)).

[10]*Id.* (citation omitted).

[11]*Hatfield*, 2005 WL 375665, at *1; *Holland v. GMAC Mortg. Corp*, No. 03-2666-CM*, 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004); *Worford*, 2004 WL 316073 at *1.

[12]*Holland,* 2004 WL 1534179 at *2; *Worford*, 2004 WL 316073 at *1.

In this case, Plaintiffs have failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access. Nor have Defendants followed the procedure set forth in Paragraph 5 of the parties' Stipulated Protective Order and come forward with any facts or argument that would justify sealing the deposition testimony.

In light of the above, the Court must deny Plaintiffs' motion. The Court's denial, however, is *without prejudice* to Plaintiffs refiling a motion that meets the standard set forth above, or the parties filing the pleadings called for in Paragraph 5 of the Stipulated Protective Order, which must also meet the above standard.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Under Seal (doc. 849) is denied without prejudice.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 13th day of September 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties