IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ADELINA GARCIA, et al.,**
**Individually, and on Behalf of a Class**
**of Others Similarly Situated,**

                       **Plaintiffs,**                Civil Action

v.                                                  No. 06-2198-JWL-DJW

**TYSON FOODS, INC., et al.,**

                       **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Supplement the Amended Complaint (ECF No. 848). For the reasons set forth below, the motion is granted.

**I.     Background Information**

Plaintiffs, individually and on behalf of others similarly situated, filed this suit against Defendants ("Tyson") alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*; violations of the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq*; and claims for quantum meruit. Plaintiffs are meat-packing workers at Tyson's Finney County and Emporia, Kansas facilities.

Plaintiffs consist of two groups: (1) a Rule 23, state-law class of all hourly workers in the Finney County and Emporia facilities during the class period who are required to don and doff protective clothing and equipment and who were paid on a "gang time" basis or were paid for donning and doffing on an average time basis, if at all (the "Kansas state law class"); and (2) a subset of the first group, who filed opt-in consent forms pursuant to section 216(b) of the Fair Labor Standards Act (the "FLSA class").

The Plaintiff classes seek to recover unpaid wages for time spent donning and doffing required personal protective equipment ("PPE") before and after their shift, and at the beginning and end of the meal break. The classes also seek to recover unpaid time spent walking from their lockers to their workstations on the production floor, walking through the facility during their meal period, and from the production floor to the lockers at the end of their shift. The FLSA class claim is limited to workweeks in which the total of paid time plus unpaid time exceeds forty hours during the week, the threshold for "overtime" under the FLSA. The Kansas state law class (which encompasses the members of the FLSA class) seeks to recover all damages not addressed by the FLSA, i.e., damages for workweeks that do not meet the FLSA's forty-hour threshold for "overtime" wages.

Plaintiffs filed their action on May 15, 2006. Plaintiffs amended their Complaint on April 30, 2007 (ECF No. 694). The action was conditionally certified as a collective action under the FLSA and certified as a class action under the Kansas Wage Payment Act and for quantum meruit on February 12, 2009 (*see* ECF No. 741).

Plaintiffs filed the instant motion on August 17, 2010, and briefing is now complete. Discovery closed on September 29, 2010, and the Pretrial Conference was held on October 15, 2010. In connection with that Pretrial Conference, the parties have submitted a proposed Pretrial Order to the Court, which they are in the process of revising per the Court's instructions. The dispositive motion deadline is October 29, 2010, and the case is set for trial on March 1, 2011.

Plaintiffs seek leave to supplement their Amended Complaint to add allegations regarding events that have occurred since the filing of their Amended Complaint. Plaintiffs assert that Tyson

implemented a policy in April 2010 to pay its hourly production workers for 20 minutes of donning and doffing and walking time, but to stop paying workers for their daily 20-minute rest break.[1]

Plaintiffs contend that Tyson's allegedly unlawful new pay policy is "subsumed within" the causes of action already pled in the Amended Complaint, which expressly include allegations that Tyson's pay policies violate the "continuous workday" rule under the FLSA.[2] Because Tyson's counsel, however, does not agree, Plaintiffs state that they are moving "out of an abundance of caution to include fact allegations specific to Tyson's unlawful rest break pay policy."[3]

Plaintiffs' proposed supplementation alleges that Tyson's new policy of denying hourly-paid production workers payment for their daily 20-minute rest break is a further violation of the FLSA's continuous workday rule within Count I of the Amended Complaint. They also allege the policy is a further violation of the Kansas Wage Payment Act within Count IV of the Amended Complaint. Finally, they allege that the policy is a further benefit conferred upon Tyson by Plaintiffs which falls within Plaintiffs' Count III of the Amended Complaint for quantum meruit.

The Court makes no determination as to whether Tyson's new policy is in fact subsumed within the Amended Complaint or whether the Amended Complaint is general enough to include such allegations. The only determination before the Court at this juncture is whether Plaintiffs should be allowed to supplement their Complaint under Federal Rule of Civil Procedure 15(d).

## II. The Standard for Ruling on Rule 15(d) Motions to Supplement

---

[1] Proposed Supplement to the Am. Compl. ¶¶ 61-64, attached as Ex. 1 to Pls.' Mot. to Supplement the Am. Compl. (ECF No. 848).

[2] Pls.' Mot. to Supplement the Am. Compl. (ECF No. 848) at 3 (citing Am. Compl. (ECF No. 694) ¶¶ 24, 33.1).

[3] *Id.* at 3

Federal Rule of Civil Procedure 15(d) governs motions to supplement. It provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[4]

The Tenth Circuit set forth the standard for ruling on a motion to supplement in *Walker v. United Parcel Service, Inc.*,[5] wherein it stated that "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."[6] It further held: "Such authorization should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants. Even so, such notions are addressed to the sound discretion of the trial court."[7]

This Court has held that "the . . . standard for exercising discretion on a motion to supplement is the same as that for disposing of a motion to amend under Rule 15(a)."[8] That standard, of course, considers not only undue prejudice to the opposing party but also whether the moving party has unduly delayed, acted in bad faith or with dilatory motive in moving to amend,

---

[4]Fed. R. Civ. P. 15(d).

[5]240 F.3d 1268, 1278 (10th Cir. 2001).

[6]*Id.* at 1278 (citing *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989)).

[7]*Id.* (citing *Gillihan*, 872 F.2d at 941).

[8]*First Savings Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 368 (D. Kan. 1998) (citations omitted); *see also Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) ("The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a).").

and whether the moving party has repeatedly failed to cure deficiencies by amendments previously allowed.[9] The court may also consider futility of the proposed amendments.[10]

As this Court has recognized, such a discretionary approach to considering motions to supplement "fosters a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding."[11] Indeed, the purpose behind Rule 15(d) "is to promote as complete an adjudication of the dispute between the parties as is possible."[12]

## III.     Analysis

Tyson opposes the motion on three grounds: (1) Plaintiffs unduly delayed filing their motion after learning of Tyson's new policy; (2) the proposed supplemental claims will cause Tyson to suffer undue prejudice; and (3) the proposed claims are futile as a matter of law. Each of these grounds will be discussed below.

### A.     Undue Delay

Lateness, in and of itself, does not justify the denial of a motion to supplement.[13] Indeed, Rule 15 does not restrict a party's ability to supplement its complaint to a particular stage in the

---

[9]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[10]*Id.* (citing *Foman*, 371 U.S. at 182).

[11]*First Savings Bank,* 184 F.R.D. at 368 (citations omitted); *accord Rezaq v. Nalley*, No. 07-cv-02483-LTB-KLM, 2010 WL 965522, at *3 (D. Colo. Mar. 15, 2010) (citations omitted).

[12]*First Savings*, 184 F.R.D. at 368 (citation omitted).

[13]*Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

lawsuit.[14] In determining whether a plaintiff has unduly delayed in seeking leave to supplement its complaint, this court will focus primarily on the reasons for the delay.[15] Thus, it is appropriate to deny leave to supplement "when the party filing the motion has no adequate explanation for the delay,"[16] when the moving party cannot demonstrate excusable neglect,[17] or where the moving party was aware of the facts on which the supplementation was based for considerable time prior to the filing of the motion to supplement.[18]

Plaintiffs' proposed supplemental claims are based on Tyson's new policy that went into effect at Tyson's Finney County and Emporia facilities in April 2010. Tyson argues that Plaintiffs knew of that policy change in early May 2010, and yet they waited to file their Motion to Supplement until August 17, 2010. Tyson argues that Plaintiffs unduly delayed in bringing their motion and that they have no reasonable explanation for their delay.

Plaintiffs explain, however, that they made a deliberate and reasoned decision to conduct discovery regarding the policy change to make sure they had a good faith basis to assert the proposed claims. Plaintiffs' counsel state that they "learned from their confused clients that *some*

---

[14]Undue delay and prejudice are obviously closely related; however, the Court will evaluate each factor individually. *See Minter,* 451 F.3d at 1205 (noting that timeliness and prejudice are often closely related, but evaluating each separately).

[15]*SOFCO, LLC v. Nat'l Bank of Kan. City*, No. 08-2366-JAR, 2009 WL 3053746, at *19 (D. Kan. Sept. 18, 2009) (citing *Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006)); *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *2 (D. Kan. Sept. 11, 2008) (citing *Minter*, 452 F.3d at 1206).

[16]*Minter*, 451 F.3d at 1206 (citations omitted).

[17]*Id.*

[18]*Id.*

change was taking place in April, 2010"[19] but that it was not until Plaintiffs' counsel received a copy of the policy statement in Tyson's June 30, 2010 document production that Plaintiffs learned the exact nature of the policy. Plaintiffs then took Tyson's Rule 30(b)(6) depositions on July 14 and 15, 2010, which was their first opportunity to question Tyson's representatives about the new policy and to determinate the exact nature of the change, for whom it had been implemented, and when it was implemented. After receiving copies of the deposition transcripts, Plaintiffs' counsel conferred with Tyson's counsel on August 4, 2010 to determine if Tyson would agree that the issues were sufficiently pled in the Amended Complaint or if Tyson would oppose leave to supplement. After Tyson responded in the negative on August 9, 2010, Plaintiffs filed their Motion to Supplement on August 17, 2010.

Under these specific circumstances, the Court cannot conclude that Plaintiffs unduly delayed in bringing their motion. Plaintiffs did not become aware of the actual written policy until Tyson produced the policy statement on June 30, 2010. Nothing in the record leads the Court to believe that Plaintiffs should have learned of this document earlier. Furthermore, the Court finds that Plaintiffs made a reasonable decision to take the Rule 30(b)(6) depositions of Tyson to put the written document into context and to discover more facts that would allow them to determine whether they had a factual and legal basis to bring their supplemental claims. The Court cannot fault Plaintiffs for waiting to file the motion until it had the opportunity to depose Tyson's corporate representatives in order to make a more informed decision about whether to bring these new claims. Moreover, the Court does not fault Plaintiff for taking some additional time to confer with Tyson's counsel regarding supplementation.

---

[19]Pls.' Reply in Support of Mot. to Supplement (ECF No. 857) at 3 (emphasis in original).

In short, the Court finds that Plaintiffs have provided an adequate explanation as to the timing of their motion. The Court therefore declines to deny the motion on the basis of undue delay.

**B.     Undue Prejudice**

The Tenth Circuit has held that the most important factor in deciding a motion to amend or supplement the pleadings, is whether the amendment/supplementation would prejudice the nonmoving party.[20] "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[21] The party opposing the supplementation has the burden to show undue prejudice within the meaning of Rule 15.[22] For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[23] While any supplementation invariably causes some "practical prejudice," undue prejudice means that the supplementation "would work an injustice to the defendants."[24] Courts have found that undue prejudice often "occurs when the [new] claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[25]

---

[20]*Minter*, 451 F.3d at 1207 (citation omitted).

[21]*Id.* at 1207-08.

[22]*Rural Water Dist. No. 4, Douglas County v. City of Eudora, Kan.*, No. 07-2463-JAR-DJW, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008) (citing *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003); *Schmitt v. Beverly Health and Rehab. Servs. Inc.*, 993 F.Supp. 1354, 1365 (D. Kan. 1998)).

[23]*United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004)).

[24]*Id*. (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[25]*Id*. (quoting *Minter*, 451 F.3d at 1208).

Tyson contends that it will be unduly prejudiced by the proposed supplementation because the new claims are distinct from Plaintiffs' existing claims and their inclusion in this case at this stage of the action will require extensions of the Court's deadlines.

The Court does not find that Tyson has demonstrated sufficient prejudice to deny supplementation. The Court does not agree that the new claims are so distinct from Plaintiffs' original claims that Tyson will suffer undue difficulty in defending this lawsuit. Plaintiffs' supplemental "break time" claims are closely related to the present "donning and doffing and walking time" claims, particularly since Plaintiffs assert that the new pay policy denies compensation for break times as an illegal offset against the compensation for donning and doffing and walking time.

Nor does the Court agree that supplementation will require an overhaul of the various Scheduling Order deadlines and settings so as to work prejudice to Tyson. Tyson's argued prejudice is premised on Plaintiffs asking to conduct additional discovery and to supplement their experts' reports, which in turn would require Tyson to reopen the deposition of Plaintiffs' expert and respond to the new reports of Plaintiffs' expert. Plaintiffs, however, have never asked to conduct additional discovery or to supplement their expert reports. In fact, Plaintiffs affirmatively state in their reply that they "do not need further discovery on Tyson's new policy."[26] Moreover, Plaintiffs have not filed any motions to extend the discovery deadline or to supplement their expert reports. In addition, nothing in the parties' proposed Pretrial Order leads the Court to believe that Plaintiffs plan to seek to modify the Scheduling Order if their Motion to Supplement is granted. Finally, Tyson itself makes no request to extend discovery or supplement its experts' report and it does not identify any discovery that it needs to conduct if supplementation is allowed.

---

[26]Pls.' Reply in Support of Mot. to Supplement (ECF No. 857) at 4.

In light of the foregoing, the Court finds that Tyson has failed to meet its burden to show how it will be unduly prejudiced if supplementation is allowed. The Court therefore declines to deny supplementation on the basis of any claim of undue prejudice.

**C.     Futility**

Tyson, as the party asserting futility of the proposed supplementation, has the burden of establishing futility.[27] A proposed supplementation is futile if the supplemental claim would be subject to dismissal.[28] In determining whether a proposed supplementation should be denied as futile, the court must analyze the proposed claims as if they were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[29] In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[30] The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.[31] The issue in resolving a motion to dismiss on the grounds that a complaint fails to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support its claims.[32] Thus, in this case, the Court may find Plaintiffs' proposed supplemental claims futile if, viewing the well-pleaded factual allegations in the proposed supplementation as true and in the light most favorable to Plaintiffs, the

---

[27] *Capital Solutions v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 2009 WL 1635894, at *5 (D. Kan. June 11, 2009); *Rural Water*, 2008 WL 1867984, at *5.

[28] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[29] *See id.* at 1238.

[30] *Id.* at 1232 (citation omitted).

[31] *Id.* (citations omitted).

[32] *Raytheon Aircraft Co. v. United States*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

proposed claims do not contain enough facts to state a claim for relief that are plausible on their face, or if the claims otherwise fail as a matter of law.[33]

The Court is not persuaded by Tyson's futility argument. Tyson's arguments go to the merits of Plaintiffs' proposed claims and not to whether they can withstand a motion to dismiss. Thus, Tyson's arguments are better suited for resolution on a motion for summary judgment than a motion to amend. Having reviewed the proposed supplemental claims and accepting all well-pleaded facts as true, the Court is not convinced that Tyson has shown that the proposed new allegations do not plausibly support a legal claim of relief. The Court concludes that Plaintiffs are entitled to offer evidence to support their supplemental claims for violations under the FLSA and Kansas Wage Payment Act, in addition to their claim for quantum meruit. The Court therefore declines to deny supplementation on futility grounds.

### D. Judicial Economy

Finally, the Court concludes that allowing Plaintiffs to bring their supplemental claims as part of the instant lawsuit serves the interests of judicial economy and efficiency. The supplemental claims are closely related to the claims already raised by Plaintiffs. As noted above, the purpose of Rule 15(d) is to promote as complete an adjudication as possible of the dispute between the parties. The Court believes that supplementation will promote the complete and most efficient adjudication of the parties' disputes in one comprehensive action.

## IV. Conclusion

In light of the above, and keeping in mind the Court's preference for making decisions on the merits, rather than on pleading technicalities, the Court finds that the interests of justice are best served by allowing Plaintiffs to supplement their Amended Complaint. The Court also finds that

---

[33]*See id.*

11

judicial economy would be better served by allowing Plaintiffs to supplement to resolve all of their wage and hour claims in one comprehensive action. The Court, in its discretion, therefore grants Plaintiffs leave to supplement.

As noted above, the parties are in the process of finalizing the Pretrial Order. Thus, rather than direct Plaintiffs to file a supplemental complaint, the Court directs Plaintiffs to include their supplemental claims in those sections of the revised Pretrial Order that address Plaintiffs' contentions, theories of recovery, and damages.[34] Tyson is directed to include its defenses in those sections of the revised Pretrial Order that address Tyson's contentions and defenses. In addition, the parties shall revise the factual and legal issues sections and any other provisions of the Pretrial Order where appropriate.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Supplement the Amended Complaint (ECF No. 848) is granted, and the parties shall revise the proposed Pretrial Order to reflect the supplementation.

---

[34]*See Minter*, 451 F.3d at 1204 ("When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial.") (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of October 2010.

                                                                  s/ David J. Waxse
                                                                  David J. Waxse
                                                                  U.S. Magistrate Judge

cc:    All counsel and *pro se* parties