IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Adelina Garcia et al.,**

   **Plaintiffs,**

**v.**                Case No. 06-2198-JWL

**Tyson Foods, Inc. and**
**Tyson Fresh Meats, Inc.,**

   **Defendants.**

## ORDER

On February 7, 2010, the court held a motion hearing in this case during which, as set forth in the full on the record, the court made the following orders:

Defendants' motion to exclude plaintiffs' expert witness Robert G. Radwin (doc. 875) is **granted as unopposed to the extent** plaintiffs sought to proffer Dr. Radwin's opinion that Tyson could accurately record the actual time employees spend performing donning and doffing activities. With respect to Tyson's specific arguments regarding reliability and relevance under Rule 702, the motion is **denied without prejudice** to reassertion upon a legal determination as to the proper scope of compensable time in this case.

Plaintiffs' motion to strike regarding defendants' expert witnesses (docs. 877; 899) is **granted in part, denied in part** and **retained under advisement in part.** With respect to Dr. Adams' ability to criticize Dr. Radwin's methodology, the motion is granted to the extent that Dr. Adams will not be permitted to testify as to what the "law" says about the scope of compensable time; the motion is retained under advisement pending a legal determination as to

1

the proper scope of compensable time in this case. Concerning Dr. Radwin's locker room measurements, the motion is granted to the extent that Dr. Adams may not challenge Dr. Radwin's use of audio recordings as inferior to video recordings; it is denied to the extent that Dr. Adams may offer his opinion about the way the audio recordings were made, that is, that there are delays attributable to voice versus manual recordings, for example. With respect to Dr. Nickerson, the motion is granted to the extent that Dr. Nickerson may not testify as an expert at trial; it is otherwise denied without prejudice to reassertion at trial regarding the interpretation and application of Rule 1006. Moreover, if Dr. Nickerson is called to testify at trial, plaintiffs shall have the opportunity to take his deposition reasonably in advance of his being called to testify, even if the deposition occurs during the trial itself.

Plaintiffs' motion for clarification of tolling order and for expedited briefing and ruling (doc. 950) is **granted in part and denied in part**. It is granted to the extent plaintiffs request expedited briefing and resolution of the motion and it is denied to the extent plaintiffs request a ruling that tolling in this case extends through July 28, 2008. The court concludes that the parties' tolling agreement expired on May 2, 2007.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2011, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
