# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADELINA GARCIA, et al., individually, and on behalf of a class of others similarly situated | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 06-CV-2198 JWL/DJW |
| TYSON FOODS, INC., TYSON FRESH MEATS, INC., | ) ) |
| Defendants. | ) ) ) ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON
LAND FOR INSPECTION AND OTHER PURPOSES**

Come now Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. ("Defendants")

and for their objections and responses to Plaintiffs' Second Request for Production of

Documents and Things and Entry Upon Land for Inspection and Other Purposes and state as

follows:

**GENERAL OBJECTIONS**

1.     Defendants object to the production of any documents protected by the attorney-

client privilege or work-product doctrine.

2.     Defendants object to producing all responsive documents at the same time and at

the same location.  Responsive, non-privileged documents will be produced and made available

for inspection at the place where they are maintained in the usual course of business, or at an

alternative place mutually acceptable to the parties.  Only those documents designated by

plaintiffs shall be copied, at their expense.

3.     Defendants object to plaintiffs' requests to the extent that the permanent

injunction against IBP, as well as the subsequent negotiated settlement between IBP and the

Secretary of Labor, make many of plaintiffs' requests irrelevant and unduly burdensome, including but not limited to requests relating to the amount of time that it takes hourly production employees to perform the activities challenged in the instant litigation. *See Reich v. IBP, inc.*, No. 88-2171-EEO, 1996 WL 445072 (D. Kan. July 30, 1996*), aff'd sub nom. Metzler v. IBP, inc.*, 127 F.3d 959 (10th Cir. 1997); *Herman v. IBP, inc.*, No. 98-CV-2163-JWL (D. Kan. filed April 10, 1998).

4.      Defendants object to plaintiffs' requests to the extent that they seek documents from Tyson Foods that pre-date IBP's September 28, 2001 merger with Tyson Foods, on the ground that such documents are irrelevant to the issues raised in the complaint and notice motion and are unlikely to lead to the discovery of admissible information.

5.      Defendants object to plaintiffs' requests to the extent that they seek to impose on defendants an obligation to search for and produce responsive documents that may be located at IBP plants at which the named plaintiffs have not been employed, on the ground that such documents are neither relevant to the claims of the named plaintiffs nor relevant to plaintiffs' pending notice motion, which plaintiffs have limited to the Finney County and Emporia facilities.

6.      Defendants object to any request that is not limited to information about hourly production employees on the ground that such requests, to the extent that they are not so limited, seek information that is neither relevant to the claims in the complaint nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Statements that responsive documents will be produced shall not constitute an acknowledgement that such documents exist.

8.     To the extent that certain of the requests seek information containing personal information about employees who are not named plaintiffs, or seek proprietary, confidential or sensitive business information as to which disclosure would pose a threat of competitive injury or commercial disadvantage within the industry to defendants or create annoyance, embarrassment or oppression, defendants will make such documents available for inspection and copying only upon entry of an appropriate order that protects the confidentiality of such information and prevents its use for any purpose other than this litigation.

9.     Defendants object to the extent that any request for production seeks documents prepared in anticipation of litigation or for trial or which otherwise would disclose the mental impressions, conclusions, opinions or legal theories of defendants' counsel, or which are subject to the attorney-client privilege, or which are subject to the self-critical evaluation privilege or any other applicable privilege.  Inadvertent production or disclosure of any such document shall not constitute waiver of any such privilege or any right of non-disclosure or other ground for objecting to production of such information, or of any grounds for objecting to the admissibility of such document or of any information contained therein.  Defendants will provide a schedule of located responsive documents that are not being made available for inspection because of these privileges, at a time and place and on such terms as are mutually acceptable to the parties.

10.     Defendants object to the extent that any request for production seeks documents that contain information regarding defendants' strategy for dealing with labor unions or responding to their attempts to organize or represent defendants' employees.  To the extent that any otherwise responsive document contains such information, defendants will produce the remainder of the document with such information redacted.

CC 1903997v4

3

11.     Defendants generally object to plaintiffs' requests where responsive information is electronically or digitally archived or otherwise maintained in non-tangible forms to the extent that production would be unreasonably cumulative or duplicative or obtainable from a more convenient, less burdensome, or less expensive source; or that the burden or expense of producing such information would outweigh its likely benefit.  Defendants will make available for plaintiffs' inspection time and attendance records and payroll data for hourly production employees at defendants' Finney County and Emporia facilities.  However, absent court order or a mutually acceptable agreement between the parties whereby the plaintiffs pay for the costs of programming, indexing, searching, retrieving and storing other non-tangible data, defendants object to conducting a search of their computer file servers and personal computer hard drives, laptop computers, computer disks and tapes, web pages, and other archived electromagnetic or digital media.

12.     Defendants generally object to plaintiffs' requests to the extent that any request for production seeks documents relating to compromises or attempted compromises with government agencies or documents evidencing conduct or statements made in compromise negotiations with government agencies, on the grounds such documents are inadmissible and are not reasonably calculated to lead to the discovery of admissible evidence.  In addition, defendants generally object to the extent that responsive documents are subject to defendants' agreement with, or a command by, a government agency that such documents or information contained therein shall not be made public and/or made available to parties outside the agency.

13.     Defendants reserve the right to supplement these responses and objections.

14.     Each of the responses set forth below is subject to these general objections.

CC 1903997v4

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.** The personnel files for all individuals who have filed a consent to join this lawsuit.

**RESPONSE:** The personnel files of those individuals who have filed consents to join this lawsuit will be produced, upon reasonable notice, at the office of our attorney, to the extent those individuals have been identified as current or former employees. There are several individuals who cannot be identified without a Social Security Number.

**REQUEST NO. 2.** The time records, compensation records, job codes, job titles, and job descriptions for all individuals who have filed a consent to join in this lawsuit.

**RESPONSE:** Objection. This request is overbroad and seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objection, time records, documents showing compensation, job codes, job titles and job descriptions since May 2001 will be provided for those individuals filing consents who can be identified as former or current employees at the office of our attorney, upon reasonable notice.

**REQUEST NO. 3.** Any and all records identified or categorized in Tyson's Rule 26 initial disclosures.

**RESPONSE:** These documents will be produced, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 4.** Any and all records that reflect the names, addresses, social security numbers, employment identification number, and telephone numbers of all hourly workers employed by Tyson at its Holcomb and/or Emporia facilities at any time from May 2001 through the present.

**RESPONSE**: Objection.  This request seeks information that is irrelevant to the issues raised in the Amended Complaint and not reasonably calculated to lead to the discovery of admissible evidence.  Further, labor organization interest in the plant's involvement in this litigation could lead to the information being used for purposes other than this litigation.  If the Court conditionally certifies this litigation as a collective action, defendants will mail Court-approved notices to the current and former employees as directed by the Court.

**REQUEST NO. 5**. Any and all employee handbooks, manuals, memoranda, "bill of rights," or other documents describing Tyson's pay, timekeeping and/or compensation policies and procedures in effect for Tyson's Holcomb and/or Emporia facility hourly workers, at any time from May 2001 through the present.

**RESPONSE**:  Documents in response to this request will be produced, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 6**. Any and all employment contracts or written agreements entered into between Tyson and its Holcomb and/or Emporia facility hourly workers, at any time from May 2001 through the present.

**RESPONSE**:  We are unaware of any such documents.

**REQUEST NO. 7**. Any and all records describing Tyson's compensation policies and procedures for hourly workers in effect at any time from May 2001 through the present

**RESPONSE**: Objection.  This request is overbroad and unduly burdensome to the extent it seeks "Any and all" records and to the extent it seeks information relating to non-production and/or clerical workers.  However, without waiving the foregoing objection, records relating to compensation policies and procedures for hourly production workers at the Finney County and Emporia plants will be produced, upon reasonable notice, at the office of our attorney.

CC 1903997v4

**REQUEST NO. 8.** Any and all records relating to Tyson's method(s) for calculating hours worked by hourly employees, at any time during the period of May 2001 to present, including but not limited to all policies, all procedures, and all communications to Plaintiffs, managers, or any other individual regarding Tyson's time-keeping procedures.

**RESPONSE:** Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all records relating to" and to the extent it seeks records of non-production and/or hourly employees. However, without waiving the foregoing objections, documents not included in the foregoing objections will be produced, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 9.** Any and all records regarding the recording of hours worked by hourly workers at the Holcomb and/or Emporia facilities from the time period of May 2001 to the present. This includes but is not limited to, employee complaints that they were not paid for all the time worked, communications to managers about potential problems with the time systems, company or facility policies, manuals, handbooks or memoranda regarding timekeeping policies and practices, or any other communication or documents related thereto.

**RESPONSE:** Objection. This request is overbroad and unduly burdensome in seeking "Any and all records regarding" and to the extent it seeks records of clerical hourly employees and to the extent it seeks "documents related thereto.". The request also appears to call for communication among management regarding the allegations of the Complaint which are protected by the attorney-client privilege or are otherwise not discoverable. However, without waiving the foregoing objections, responsive documents not covered by the objections will be produced, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 10.** Any and all communications (including but not limited to any correspondence, notes, flyers, videos, advertisements, radio spots, email correspondence or recorded voicemail messages) to, from, between or among Tyson and Holcomb and/or Emporia facility hourly workers regarding or relating to the subject matter of this litigation.

**RESPONSE:** Objection. This request is vague to the extent it seeks documents "relating to the subject matter of this litigation," overbroad and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objection, any communications distributed by Tyson to the purported class as a whole about this litigation will be produced, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 11.** Any and all records relating to complaints or investigations of wage and hour law violations or retaliation (including claims of failure to pay minimum wage, failure to pay overtime or retaliation in violation of the FLSA) alleged to have been committed at the Holcomb and/or Emporia facilities by Tyson, its employees, or its agents, during the class period.

**RESPONSE:** Objection. This request is vague and overbroad in asking for "Any and all records relating to." It also seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in seeking documents as to any wage and hour violations or retaliation even if unrelated to the allegations of the Complaint. It further seeks work-product and attorney-client privilege material and material protected by the critical analysis doctrine. However, without waiving the foregoing objections, documents not covered by the above objections will be produced, upon reasonable notice, at the office of our attorneys.

**REQUEST NO. 12.** Any and all records that constitute or reflect organizational charts and/or the management structure of Tyson (including but not limited to Tyson's articles of

incorporation, bylaws or other documents) which reflect the corporate structure of Tyson, including any of its parents, subsidiaries, divisions or other affiliates.

**RESPONSE:** Objection. This request is overbroad in seeking "Any and all records that constitute or reflect." Additionally, the term "management" is vague and ambiguous. However, without waiving any objection, defendants will produce responsive, non-privileged documents upon reasonable notice, at the office of our attorney.

**REQUEST NO. 13.** Any and all records that constitute or reflect organizational charts and/or the management structure of Tyson's Holcomb facility.

**RESPONSE:** Objection. This request is overbroad in seeking "Any and all records that constitute or reflect." Additionally, the term "management" is vague and ambiguous. Without waiving any objection, defendants will produce documentation reflecting the organization of the Finney County plant.

**REQUEST NO. 14.** Any and all records that constitute or reflect organizational charts and/or the management structure of Tyson's Emporia facility.

**RESPONSE:** Objection. This request is overbroad in seeking "Any and all records that constitute or reflect." Additionally, the term "management" is vague and ambiguous. Without waiving any objection, defendants will produce documentation reflecting the organization of the Emporia plant.

**REQUEST NO. 15.** Any and all records that reflect or evidence the number of hours worked, on both a daily and weekly basis, by Plaintiffs and all other hourly workers employed by Tyson in its Holcomb and/or Emporia facility at any time from May 2001 until the present. This includes, but is not limited to records of "gang time" or the time the "chain" or "line" was moving per shift.

CC 1903997v4

**RESPONSE**: Objection. This request is overbroad in seeking "Any and all records that reflect or evidence" and in seeking information regarding non-production and/or clerical hourly employees and others not covered by the definition of the putative class. However, without waiving the foregoing objections, documents will be produced, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 16**. Any and all records that relate to or support any of Tyson's Defenses asserted in its Answer.

**RESPONSE**: Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all records that relate to or support." However, without waiving the foregoing objection, as documents are identified as forming a part of the defense they will be appropriately identified and made available.

**REQUEST NO. 17**. Any and all insurance agreements that may be used by Tyson or any of its individual officers, managers or directors to satisfy part or all of a judgment which may be entered in this action, or which may used to indemnify reimbursed payments made to satisfy any judgment in this action.

**RESPONSE**: There are no such documents.

**REQUEST NO. 18**. Any and all records identified, relied upon, used or referenced in response to Plaintiffs' First Set of Interrogatories.

**RESPONSE**: Objection. This request seeks work-product and such documentation need not be produced under FRCP 26(b)(3). However, without waiving the foregoing objection, documents referred to in the interrogatory responses will be made available, upon reasonable notice, at the office of our attorney.

CC 1903997v4

**REQUEST NO. 19.** Any and all records and/or communications related to the gathering of evidence or declarations related to this lawsuit from Tyson's current and/or former Holcomb and/or Emporia facility employees. This should include records related to any and all phone calls, personal interviews, emails, memos, questionnaires or other documents sent to class members or management.

**RESPONSE:** Objection. This request seeks work-product and is not producible under FRCP 26(b)(3).

**REQUEST NO. 20.** Any and all records that describe efforts made by Tyson to ensure that hourly workers at Tyson's Holcomb and/or Emporia facility were paid correctly under the Fair Labor Standards Act.

**RESPONSE:** Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all records that describe." The request further seeks attorney-client communications and work product not producible under FRCP 26(b)(3). However, without waiving the foregoing objections, documents not covered by the objection will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 21.** Any and all non-privileged communications to or from Holcomb and/or Emporia facility workers regarding the Supreme Court or the cases captioned: *IBP v. Alvarez*, (E.D. Wash. No. 98-cv-05005); *Chavez v. IBP*, (E.D. Wash. No. O1-cv-05093); *Nunez v. Tyson Fresh Meats, Inc.*, (E.D. Wash. No. 06-cv-05041); *Fox v. Tyson Foods, Inc.* (N.D. Ala. No. 99-cv-01612); or *DeAscensio v. Tyson Foods* (E.D.Pa. No. 00-cv-04294).

**RESPONSE:** Objection. The request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

CC 1903997v4

11

**REQUEST NO. 22.** Any and all documents relating to any "time study," or other study, conducted or analyzed on or after May 2001, regarding the time it takes for a worker at Tyson's Holcomb and/or Emporia facilities to don and doff clothing, protective gear, and sanitary outergarments (whether unique, standard, non-unique, or otherwise), to walk in the facility from one point to another point, or to be at a workstation within the facility.

**RESPONSE**: Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all documents relating to" and work-product. However, without waiving the foregoing objections, time study results from 2006 will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 23.** Any and all documents relating to work schedules and/or expectations for Holcomb and/or Emporia facility employees that relate to when an employee needs to arrive, needs be prepared for work, needs to be at his or her work station, or needs to be at a specific location at the facility.

**RESPONSE**: Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all documents relating to." However, without waiving the foregoing objection, such documents as we have located will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 24.** Any and all documents relating to the dates and times the "chain," "line" or processing lines were in operation in the Holcomb and/or Emporia facilities from May 2001 to the present.

**RESPONSE**: Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all documents relating to." However, without waiving the foregoing objection,

such documents as we have located will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 25.** Any and all maps, blueprints, schematics, pictorial representations, and any other documents that show the physical layout of the Holcomb and/or Emporia facility or parts of the Holcomb and/or Emporia facility, including, but not limited to representations of the "kill floor(s)," "processing floor(s)," locker rooms, cleaning stations, and cafeterias.

**RESPONSE:** Objection. This request is overbroad and unduly burdensome to the extent it seeks "Any and all documents relating to." However, without waiving the foregoing objection, documents showing the facility layouts will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 26.** Any and all "litigation holds" and/or "hold notices" sent to Tyson employees, managers, and/or "key players" as a result of the litigation captioned *Garcia, et al. v. Tyson Foods, Inc. et al.*, No. 06-21984WL.

**RESPONSE:** Objection. The request is vague with respect to the term "key players." However, without waiving the foregoing objection, documents will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 27.** Any and all trial transcripts from the lawsuits captioned *IBP v. Alvarez* and *DeAscensio v. Tyson Foods*.

**RESPONSE:** These documents will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST NO. 28.** Any and all documents relating to what clothing, protective gear, or sanitary outergarments, or equipment (whether unique, standard, non-unique or otherwise)

hourly workers at the Holcomb and/or Emporia facility have been required to wear since May 2001, for health, safety, regulatory or other reasons.

RESPONSE: Objection.  This request is overbroad and unduly burdensome to the extent it seeks "Any and all documents relating to."  However, without waiving the foregoing objection, such documents as we have located will be made available, upon reasonable notice, at the office of our attorney.

REQUEST NO. 29. Any and all documents relating to USDA, OSHA, or other state or federal regulations regarding the clothing, protective gear, sanitary outergarments, or equipment hourly workers have been required to wear since May 2001.

RESPONSE: Objection.  These documents are publicly available.  Additionally that part of the request stating "Any and all documents relating to" is overbroad and unduly burdensome. However, without waiving the foregoing objections, such documents as we have located will be made available, upon reasonable notice, at the office of our attorney.

**REQUEST FOR ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES**

REQUEST NO. 30. Plaintiffs hereby request permission to enter Tyson's Holcomb and Emporia facilities for purposes of inspecting and videotaping Tyson's production areas, changing areas, and all other areas relevant to this lawsuit, and a time and place mutually agreeable to the parties.

RESPONSE: Permission for such entry will be granted, subject to agreement as to the conditions of such procedure and the entry of a protective order.

Respectfully submitted,

LATHROP & GAGE L.C.

Robert W. McKinley   KS Bar #13516
Brian N. Woolley      KS Bar #70007

CC 1903997v4

14

Michael A. Williams  KS Bar #19124
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

and

Michael J. Mueller
Joel M. Cohn
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served, by First Class United States Mail, Postage Prepaid, on the following counsel of record this ___ day of ___, 2007:

Eric L. Dirks
George A. Hanson
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112


Adam T. Klein
Linda A. Neilan
Justin M. Swartz
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016

An Attorney for Defendants

CC 1903997v4

15