THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADELINA GARCIA, et al., individually,      )
and on behalf of a class of others similarly situated  )
                             )
           Plaintiffs,        )
                             )   Case No. 06-CV-2198-JWL-DJW
    v.                          )
                             )
TYSON FOODS, INC., and          )
TYSON FRESH MEATS, INC.,      )
                             )
          Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE**

       Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, respectfully submit this

memorandum of law in support of their Motion in Limine.[1]

**I.     THE COURT SHOULD EXCLUDE EVIDENCE OF OR RELATING TO
PAST OR PENDING LITIGATION INVOLVING POULTRY
PROCESSING FACILITIES**

       In their proposed trial exhibit list, Plaintiffs include documents related to donning

and doffing cases involving the poultry processing operations of Defendant Tyson Foods.

Namely, they seek to introduce the consent decree in *Solis v. Tyson* that Tyson Foods (but

not Tyson Fresh Meats) entered into with the Department of Labor ("Department").  *See*

Px-15 ("Consent Judgment in Solis"); Px-271 ("Consent Judgment - Solis").  Cases, such

as *Solis*, involve *only* Tyson Foods' or other companies' poultry processing facilities and

*only* the policies, procedures and practices of those poultry processing facilities.  This

---

[1] The parties have not exchanged trial exhibits.  Moreover, many of the entries on Plaintiffs' exhibit list bear no Bates numbers, particularly those entries that appear to be large compilations of documents.  Thus, Defendants must make these motions in limine without full knowledge of the contents of Plaintiffs' proposed exhibits.  Defendants reserve the right to make further motions in limine should Defendants learn, after the parties have exchanged exhibits, that Plaintiffs will seek to introduce objectionable documents that were not apparent on their exhibit list.

action, however, relates *only* to Defendants' policies, procedures and practices at Defendants' red-meat processing facilities in Finney County and Emporia,[2] Kansas. Thus, evidence of litigation involving poultry processing plants is not relevant to this case under Rule 402 and the risk of the Rule 403 factors substantially outweighs its low probative value.  Moreover, the consent decree in *Solis* is clearly inadmissible under Rule 408.

      A.      Evidence Of Settlements, Offers Of Judgment, And Consent Decrees In Poultry Donning/Doffing Cases Is Inadmissible

Evidence regarding prior donning and doffing cases involving poultry processing facilities — including evidence of settlements, offers of judgment, and consent decrees in such cases — is clearly not relevant to this case.  Federal Rule of Evidence 402 excludes all evidence that is not relevant.  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; *see also* Fed. R. Evid. 401 Advisory Comm. Notes ("Relevancy is…a relation between an item of evidence and a matter properly provable in the case.").

Every processing plant has different policies and procedures, different sanitary and protective clothing requirements, different pay practices, different payroll systems, different physical layouts, and different production processes.  Poultry processing plants and red-meat processing plants have particularly different policies, procedures and practices.  Thus, litigation involving poultry processing facilities would not make any fact of consequence pertaining to this action — that involves only Defendants' red-meat processing facilities at Finney County and Emporia— more or less probable.  *See Wright*

_____

[2] The parties are currently negotiating a potential stay of the trial involving the Emporia plant.

*v. Columbia Sussex Corp.*, No. 3:06-CV-190, 2008 WL 972699, at *3 (E.D. Tenn. Apr. 7, 2008) (excluding evidence of prior EEOC discrimination charges unless the defendant "opens the door" by asserting that it had not faced such prior charges); *Metrix Warehouse, Inc., v. Daimler-Benz Aktiengesellschaft*, 555 F. Supp. 824, 825 (D. Md. 1983) (excluding references to prior suit in later private antitrust action); *see also Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 808, 812 (E.D. Pa. 2005) (excluding irrelevant testimony from prior discrimination action).

Even if evidence of prior poultry cases were somehow relevant, the Court should exclude such evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Plaintiffs should not be permitted to create unfair prejudice, confuse the issues, and mislead the jury based on facts at Tyson Foods' poultry processing facilities, particularly when the jury has no context to evaluate the unique circumstances of those verdicts.  *See Rockwell Graphics Sys., Inc., v. Dev Indus., Inc.*, 1992 WL 249618, at *2-3 (N.D. Ill. Sept. 25, 1992).

In addition, evidence of settlement, offers of judgment and consent decrees in poultry processing litigation should be excluded under Rule 408, which is intended "to encourage settlements and compromises of disputed claims, which would be discouraged if such evidence were admissible."  *New Jersey Turnpike Auth. v. PPG Indus., Inc.*, 16 F. Supp. 2d 460, 473 (D.N.J. 1998); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 536 (D.N.J. 2008); Fed. R. Evid. 408 Advisory Comm. Notes ("The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than

from any concession of weakness of position."). Indeed, Rule 408 explicitly prohibits the use of such evidence to prove liability. Fed. R. Evid. 408.

Moreover, "[c]ourts have consistently held that Rule 408's exclusionary provision is not limited to settlements between private parties, but also applies to civil consent decrees between private parties and government agencies." *Bowers*, 563 F. Supp. 2d at 536 (citing *New Jersey Turnpike Auth.*, 16 F. Supp. 2d at 473 and courts of appeal cases cited therein). Even if the offering party was involved in the compromise agreement, Rule 408 prevents a party from introducing settlement and compromise-related evidence against the compromising party. *See Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213 (9th Cir. 1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."); *Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005) (Rule 408 "extends to evidence of completed settlements in other cases where the evidence is offered against the compromiser"); *Young v. Verson Allsteel Press Co.*, 539 F. Supp. 193, 196 (E.D. Pa. 1982) (same); *see also Solis v. Tyson*, Case no. 2:02-CV-01174, Consent Judgment, (N.D. Ala. June 4, 2010) ("The parties agree that this consent judgment is not intended to be admissible for any purpose in any other action whether currently pending or yet to be filed . . .").

The *Solis* consent decree — applying only to Tyson Foods' poultry processing facilities —also included a clause that stated Tyson Foods was not admitting liability. *See Solis* Consent Judgment. Indeed, federal courts consistently hold that settlements, offers of judgment, and consent decrees are inadmissible to prove liability in a current action. *See Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 293 (M.D. Fla. 1989) (Rule 408 "declares inadmissible at trial evidence of offers and acceptances of compromises and conduct or

4

statements made in compromise negotiations when offered to show liability or invalidity of a claim."); *see also Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982) (not reversible error to exclude prior SEC consent decree); *Johnston v. Bumba*, 764 F. Supp. 1263, 1280 n.16 (N.D. Ill. 1991) (no weight to complaint filed by SEC or a consent decree entered into by a corporation), *aff'd*, 983 F.2d 1072 (7th Cir. 1992); *Cinema Serv. Corp. v. Twentieth Century-Fox Film Corp.*, 477 F. Supp. 174, 178 (W.D. Pa. 1979) (evidence of consent decree against the defendant not admissible because "[s]uch evidence can have no real purpose except to prejudice the defendant before a jury.").

  B.  <u>Evidence Of Verdicts In Poultry Donning/Doffing Cases Is Inadmissible</u>

  Any evidence regarding verdicts or injunction in poultry cases not involving the Finney County and Emporia facilities is inadmissible under Rules 402 and 403 for the same reasons described above.  Moreover, Plaintiffs should not be permitted to unfairly prejudice or mislead the jury by presenting evidence regarding *the amount* of a verdict in another FLSA action involving poultry processing facilities.  *See Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-Civ, 2009 WL  465071, at *2 (S.D. Fla. Feb. 23, 2009).  The amount of verdicts in poultry cases do not provide any context regarding the number of shifts worked, hourly rate, or unpaid minutes in this action involving a red-meat processing facility.  In the event a jury finds any liability with respect to some or all of the Emporia and Finney County Plaintiffs, verdicts from poultry cases should not be influence the jury in calculating damages in this action.  Thus, this Court should exclude evidence concerning outcomes of other poultry cases.

C.      Evidence Of Pending Poultry Donning/Doffing Cases Is Inadmissible

Plaintiffs may seek to introduce evidence of other pending donning and doffing litigation against Tyson Foods relating to its poultry processing facilities, such as *In re Tyson Foods FLSA MDL* (M.D. Ga).  Evidence regarding pending litigation at poultry facilities is not probative of Defendants' alleged liability at Defendants' red-meat processing facilities in Finney County and Emporia.  *See In re Safety-Kleen*, C/A No. 3:00-1145-17, 2005 U.S. Dist. LEXIS 46268, at *17 (D.S.C. Feb. 4, 2005) (other pending litigation is not relevant and therefore inadmissible); *see also Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009) (any probative value of references to other pending litigation is substantially outweighed by the risk of unfair prejudice, confusion, misleading the jury, and waste of time).  Thus, such evidence should be excluded under Rules 402 and 403.

## II.     EVIDENCE OF OR RELATING TO PAST LITIGATION INVOLVING DEFENDANTS' OTHER RED-MEAT PROCESSING FACILITIES

Plaintiffs may seek to introduce evidence of or related to past donning and doffing cases involving the operations at Defendants' *other* red-meat plants,[3] or other companies' red-meat processing facilities.  For the same reasons that the Court should exclude evidence of or related to the outcome of the prior FLSA litigation involving poultry processing facilities, it should also exclude the same type of evidence involving red-meat processing facilities.

Regardless of the type of meat that a facility processes, each processing facility has different policies and procedures, different sanitary and protective clothing

---

[3] Defendants do not object to the jury hearing about *pending* litigation against Defendants' red-meat plants.  Indeed, that other litigation explains why Defendants increased the k-code payments in April 2010.

requirements, different pay practices, different payroll systems, different physical layouts, and different production processes.  This action, however, relates *solely* to Defendants' policies, procedures, practices at the Finney County and Emporia facilities, meaning evidence of or related to past litigation at other red-meat processing facilities is not relevant to this case for the same reasons that evidence related to Tyson Foods' poultry processing facilities is not relevant.  *See* Fed. R. Evid. 401; *see also* Fed. R. Evid. 401 Advisory Comm. Notes ("Relevancy is…a relation between an item of evidence and a matter properly provable in the case.").  Namely, litigation involving Defendants' other or other companies' red-meat processing facilities would not make any fact of consequence pertaining to this action — that involves *only* Defendants' red-meat processing facilities at Finney County and Emporia — more or less probable.  *See Wright*, 2008 WL 972699, at *3; *Metrix Warehouse*, 555 F. Supp. at 825; *Waters*, 400 F. Supp. 2d at 812.

Moreover, this Court should also exclude evidence of or relating to any litigation involving Defendants' red-meat processing plants under Rules 403 and 408 for the same reasons regarding poultry processing facilities described above.  The mere fact that a past case involves a red-meat, rather than poultry, processing facility in no way diminishes the fact that such evidence (*i.e.*, verdicts, settlements, consent decrees, or the amount of an outcome in any litigation) is inadmissible under both Rules.

The Court should not exclude evidence of or references to the following: (i) the litigation and resulting injunction in *Reich v. IBP*, 38 F.3d 1123 (10th Cir. 1994), (ii) the negotiated settlement in *Herman v. IBP, Inc., No.* 98-2163-JWL (D.Kan. Apr. 10, 1998), and (iii) the Supreme Court's decision in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005).  First, unlike other litigation involving red-meat processing facilities, these cases directly

7

involved or affected the facilities at issue in this case.  Both *Reich* and *Herman* involved the Finney County and Emporia facilities and were adjudicated in the District of Kansas, and in *Reich*, the Tenth Circuit ultimately affirmed the liability ruling and concomitant injunction.  Moreover, the Supreme Court's decision in *Alvarez* affected all processing plants in the United States regardless of the jurisdiction in which they are located. Second, the outcomes of these cases determined the compensability of certain activities at issue in this case and the adequate compensation for such activities.  Other than certain information about these three cases, evidence relating to past litigation involving other red-meat processing facilities is wholly irrelevant to this case and should be excluded.

**III.   THE COURT SHOULD EXCLUDE EVIDENCE OF OR RELATING TO THE DEPARTMENT OF LABOR'S PAST OR PENDING POSITIONS ON ISSUES IN THIS LITIGATION**

Defendants reasonably believe that Plaintiffs will attempt to present to the jury various Department of Labor pronouncements on issues in this case.  Plaintiffs' proposed trial exhibits appear to include materials relating to the Department's position regarding FLSA issues.  *See, e.g.* Px-5 & 6 ("DOL Opinion Letter").  The Court, however, should exclude such materials because they are not relevant to the factual determinations in this case and are highly prejudicial to Defendants.

**A.    The Department Of Labor Regulatory Materials Are Not Relevant To Any Of The Factual Determinations That Remain In This Action**

Only relevant evidence is admissible, which is only that evidence "having any tendency to make the existence of any *fact* that is of consequence to the determination in the action more probable or less probable than it would be without the evidence."  Fed R. Evid. 402.  The Department's regulatory materials do not tend to make any of the factual underpinnings of the relevant legal issues in this action any more or less probable.

The Department materials may be relevant to determining the appropriate *legal* standards in this action, but that does not make them appropriate evidence or justify their presentation to the jury.  Rather, it is the duty of the judge to decide what the law is and then instruct the jury.  *See United States v. Scott*, 37 F.3d 1564, 1584 (10th Cir. 1994) ("of course judges instruct juries as to the law, and juries determine the facts").  "In the orderly trial of a case, the law is given to the jury by the court and *not introduced as evidence*.  It is the function of the jury to determine *the facts* from the evidence and apply the law *as given by the court* to the facts as found by them from the evidence."  *Cooley v. United States*, 501 F.2d 1249, 1243-54 (9th Cir. 1974), (emphasis added); *see also Zipkin*, 729 F.2d at 387 (citing *Cooley*).  Where evidence is presented to show what the law is, such evidence invades the province of the Court, whose duty it is to determine the law.  *See Torres v. Oakland County*, 758 F.2d 147, 150 (6th Cir. 1985) (citing *F.A.A. v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983)).

Although these types of administrative materials are arguably relevant to Defendants' state of mind regarding their compensation policies at the Finney County and Emporia facilities, the parties will not be presenting evidence to the jury about these issues.  Indeed, Defendants withdrew their good faith defense under 29 U.S.C. § 259(a).  *See* Defendants' Motion for Partial Summary Judgment (Doc. No. 881).  Moreover, the parties recently agreed that the Court — and, not the jury — will decide Defendants' "good faith" defense to liquidated damages under U.S.C. § 260 and whether it lacked the requisite willfulness to extend the two year statute of limitations pursuant to U.S.C. § 255(a).  Order (Feb. 11, 2010) (Doc. No. 976).  Thus, there is no reason for Plaintiffs to present the jury with these Department materials because the jury will not make any

factual determinations as to Defendants' state of mind — *i.e.*, whether they acted in good faith or willfully.

In sum, because the Department materials are only relevant to the Court's *legal* determinations, and not to the jury's *factual* determinations, they are not relevant evidence and the Court should not allow Plaintiffs to present those materials to the jury.

> B.     The Probative Value Of This Evidence, If Any, Is Outweighed By The
> <u>Potential Prejudicial Impact It Would Have On The Jury's Deliberations</u>

Even if the Department's legal pronouncements were marginally relevant to some factual issue to be decided by the jury — and they clearly are not — the Court should still preclude Plaintiffs from presenting these materials under Rule 403.  Namely, it is appropriate to exclude regulatory materials under Rule 403 because their probative evidentiary value is low, and their introduction would cause the jury to place an undue emphasis on the legal standards in those materials.  *See Sprankle v. Bower Ammonia & Chemical Co.*, 824 F.2d 409, 416 (5th Cir. 1987) (precluding introduction of OSHA regulations under Rule 403 because of the danger that the jury would put an undue emphasis on them).

Here, the Court will instruct the jurors on the law they are to apply in their deliberations.  Those jury instructions will undoubtedly include charges concerning the issues addressed by the Department's regulatory materials.  Presenting the Department's regulatory materials to the jury creates the danger that the jury will give improper weight to those legal pronouncements and discount — or even ignore — the legal formulations in the Court's jury instructions.  This risk will be especially pronounced because these Department materials would likely be the only legal standards that the parties present as evidence.

Moreover, Department materials have little probative value and admitting them can be highly prejudicial to a defendant in a jury trial because regulatory materials are neither binding nor do the Courts accord them much deference.  Indeed, the Supreme Court long ago held that the FLSA does not give the Secretary of Labor the authority to promulgate binding regulations as to "work."  *See Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944).  The Supreme Court later explained that in fact, "[a]gencies have *no special claim to deference* in their interpretation of [the courts'] decisions."  *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2177 n.11 (2007) (emphasis added).  The Department's often-changing position on issues has contributed to the judiciary's reluctance to give Department materials much deference.  For example, in *Alvarez v. IBP*, the Ninth Circuit refused to give deference to a Department opinion letter on the compensability of clothes changing because it conflicted with two prior opinion letters.  *See* 339 F.3d at 905 n.9.  *Accord Chao v. Tyson Foods*, 568 F. Supp. 2d 1300, 1323 (N.D. Ala. 2008) ("courts have afforded varying degrees of deference to Wage and Hour Opinion Letters and regulations"; district court rejected the Department's motion for summary judgment because its position had not "remained static").

In light of the fact that the Department materials lack probative value, and are neither binding nor accorded deference by courts, the Court should preclude Plaintiffs from presenting such evidence to the jury.

IV.   **THE COURT SHOULD EXCLUDE EVIDENCE OF OR RELATING TO DEFENDANT'S OTHER FACILITIES OR THOSE OWNED BY OTHER MEAT PROCESSING COMPANIES**

Because this action relates *solely* to Defendants' policies, procedures, and practices at their Emporia and Finney County facilities, evidence regarding clothing, time

recording, and donning and doffing payment practices at *any other* facilities is not probative of Defendants' alleged liability at the Emporia and Finney County facilities.  As discussed above, other facilities have their own policies, procedures and practices, which are not relevant to the Finney County and Emporia plants.  Again, evidence of policies, procedure, and practices, at these facilities would not make any fact of consequence pertaining to this action more or less probable.  In fact, dragging in evidence involving other facilities, particularly those of *other companies*, would confuse the issues and mislead jurors about which facility is the source of potential liability.  Thus, such evidence should be excluded under Rules of Evidence 402 and 403.

## V.   THE COURT SHOULD EXCLUDE ANY REFERENCE TO DEFENDANTS' FINANCIAL CONDITION AND THE COMPARATIVE OR ABSOLUTE ECONOMIC STATUS OF THE PARTIES

References to Defendants' financial condition (including revenues, profits, net worth or any other measure) or the comparative or absolute economic status of the parties have no relevance to any issue in this action, including information contained in Plaintiffs' proposed exhibits.  *See, e.g.*, Px-12 ("Tyson Foods Form 10-K"); Px-415 ("Tyson Foods annual reports from 2003-2010"); Px-416 ("Tyson's SEC 10-K filing from 2003-2010").  It is well established that evidence of a defendant's wealth is irrelevant to the issue of back pay damages because the purpose of such damages is to make the plaintiff whole and not to penalize the defendant.  *See, e.g., Barnes v. Danner*, No. 95-8556, 1996 WL 733139, at *2 (4th Cir. Dec. 23, 1996) ("trial courts should avoid admitting references to wealth") (table case at 104 F.3d 358); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible

as evidence in determining the amount of compensatory damages to be awarded."); *Eisenhauer v. Burger*, 431 F.2d 833, 837 (6th Cir. 1970) (evidence as to poverty or wealth of a party to the action deemed inadmissible); *Parkins v. Brown*, 241 F.2d 367, 368 n.2 (5th Cir. 1957) (proffered evidence as to the financial condition of defendant is competent only if the case warrants a jury award of punitive or exemplary damages)[4]; *Walsh v. Union Pac. R.R. Co.*, 8:06CV331, 2007 U.S. Dist. LEXIS 56290, at *7 (D. Neb. Aug. 1, 2007) (granting the defendant's motion in limine to exclude evidence of the defendant's financial condition, wealth, or ability to pay judgment).  Permitting such evidence would unduly prejudice Defendants and sustaining objections to questions, comments, or offers regarding this evidence would not cure the effects of the resulting prejudice, but rather would reinforce the negative impact on the jury.

A corporation is especially prone to encountering unfair prejudice when a jury hears evidence about their financial condition.  As Justice O'Connor noted in dissent in *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) (O'Connor, J., dissenting), "Courts have long recognized that jurors may view large corporations with disfavor."  She further commented: "juries may feel privileged to correct perceived social ills stemming from unequal distribution of wealth by transferring money from 'wealthy' corporations to comparatively needier Plaintiffs."  *Id.* at 491 (internal citations omitted).

Thus, Defendants' ability to pay the alleged damages and comparative economic status would inject a prejudicial issue that has no relevance.  Such evidence violates Rule 403, since it creates a danger of unfair prejudice, is confusing, and misleading.

---

[4]  The Complaint in this action does not seek exemplary or punitive damages, nor are they available under the FLSA or the KWPA.

**VI.   THE COURT SHOULD EXCLUDE REPORTS RELATING TO THE PRODUCTION PERFORMANCE OF THE FINNEY COUNTY AND EMPORIA FACILITIES**

Plaintiffs' proposed trial exhibits appear to include various materials relating to the operational performance of the Finney County and Emporia facilities and their various production components.  *See, e.g.* Plaintiffs' Trial Exhibits Px-154 ("Chart-Emporia Beef Composite"); Px-210 ("Finney County Daily Statistics"); Px-242 ("Labor Report - Finney County Slaughter").  These documents on Plaintiffs' Trial Exhibit List would have *no* relevance to whether Defendants should have paid their workers for donning, doffing and cleaning certain sanitary and standard protective clothing and equipment at issue here.  These reports measure Defendants' operational performance (*e.g.,* the amount of meat produced in a given period of time and the cost of doing so).  Even if the reports were minimally relevant, their probative value would be substantially outweighed by the risk of providing the jury with confusing, misleading, and unduly prejudicial information.

A.      Operational Performance Reports Are Irrelevant Under Rule 402

Operational performance reports are inadmissible under Rule 402 because the information contained in such reports is irrelevant to the Plaintiffs' donning and doffing activities.  Information is relevant when it "makes the existence of any fact at issue more or less probable." *Huddleston v. U.S.*, 485 U.S. 681, 687 (1988).  In these reports, none of the production metrics measures the time that any Plaintiff started or ended donning and doffing.  Moreover, these reports are generated from myriad inputs, many of which are at best only tangentially related to a worker's production time, including chain speed and cut yield.  Here, a worker's activities during pre- and post-shift times, meal periods

and breaks are at issue, but their activities during production time are not at issue.  In fact, even when workers' pay is an input in these reports, it is not relevant because it merely reflects the employees' hourly rate, which is not at issue in this case.  Thus, it appears that Plaintiffs have listed these reports *solely* to argue that Defendants "track numbers" and seek to make a profit.  These reports are simply irrelevant to whether Plaintiffs should have been paid for putting on a frock or hardhat.

>    B.    Operational Performance Reports Should Be Excluded Under Rule 403

To the extent that the performance reports contain minimally relevant evidence, the documents should be excluded under Rule 403 to avoid contaminating the trial with confusing, misleading, and unduly prejudicial information.  *United States v. Bradshaw,* 580 F.3d 1129, 1135 (10th Cir. 2009) (precluding evidence about an actions by the defendant that were not at issue in that case).  Relevant evidence may be excluded where it would tend to hamper rather than advance the search for the truth.  *See, e.g., United States v. Hyles*, 479 F.3d 958, 970 (8th Cir. 2007).

Here, a substantial likelihood exists that these irrelevant reports would mislead and confuse the jury, and ultimately be unduly prejudicial to Defendants.  A jury might mistakenly infer that reports showing Defendants' operations were productive, efficient or profitable proves that Defendants should have paid more compensation.  Such an argument is absurd and presupposes that Defendants' operational success is based only on whether they compensate their workers for donning and doffing time.

Plaintiffs may also seek to introduce these quantitative reports to advance a sort of "If they can put a man on the moon …" argument.  In other words, they may seek to the mislead the jury into believing that because Defendants have the ability track a wide

range of production metrics in these reports, then Defendants also must be able to track

anything quantitative (*i.e*., the amount of time workers spend donning and doffing).

However, this is a non-sequitur.  Simply because Defendants can track the amount of

beef processed does *not* mean that they can track what each worker is doing on their own

time.

## VIII.   THE COURT SHOULD EXCLUDE ALL EVIDENCE OF OR REFERENCES TO DISCOVERY DISPUTES IN THIS CASE

Plaintiffs' proposed trial exhibits appear to include various materials relating to

discovery disputes that the parties had during course of this litigation.  *See, e.g.* Px-28

("Memo from Paul Kirchner re Document Preservation-Amended Notice"); Px-29

("Memo re Garcia document gathering process"); Px-30 ("Memo re ESI Process in

Garcia v Tyson); Px-165 ("Declaration of Hemanth Salem").  Any evidence or references

relating to discovery disputes between the parties in this case are inadmissible under Rule

402 because the information contained in such reports is irrelevant to Plaintiffs' donning

and doffing activities.  *See Avocent Huntsville Corp. v. Clearcube Tech., Inc.*, CV-03-S-

2875-NE, 2006 U.S. Dist. LEXIS 55308 at * 6 (N.D. Ala. July 28, 2006) (finding parties'

discovery disputes were not relevant to determining whether the defendant's alleged

patent infringement was "willful"); *see also P&G v. Haugen*, No. 1:95-CV-94 TS, 2007

U.S. Dist. LEXIS 15795, at *8-9 (D. Utah Mar. 2, 2007); *Jinks-Umstead v. England*, No.

99-2691 (GK), 2005 U.S. Dist. LEXIS 34547, at *18 (D.D.C. Dec. 7, 2005); *Ecker v.

Allstate Ins. Co*., No. CIV-00-1367-C, 2001 U.S. Dist. LEXIS 26277, at *10-11 (W.D.

Okla. Apr. 9, 2001).  In fact, the documents on Plaintiffs' exhibit list relating to discovery

disputes are particularly irrelevant because they relate to Plaintiffs' Second Motion to

Compel Defendants to produce additional documents and electronically stored

information ("ESI"), which this Court denied.  Dec. 20, 2010 Order at 19-20 (ECF No. 932).

Moreover, the danger of unfair prejudice would substantially outweigh any probative value.  It would be extremely prejudicial for the jury to hear that Plaintiffs attempted to compel Defendants to produce additional documents and ESI during discovery.  Indeed, the purpose for Plaintiffs' referring to such discovery disputes would be self-evident:  to mislead the jury into incorrectly believing that Defendants withheld relevant evidence in this case or had permitted the spoliation of evidence adverse to Defendant.  Thus, the danger of unfair prejudice to Defendants and misleading the jury precludes Plaintiffs from mentioning that the parties had disputes regarding discovery in this case.  Fed. R. Evid. 403; *see also Avocent Huntsville*, 2006 U.S. Dist. LEXIS 55308 at * 6 (finding even if parties' discovery disputes were relevant, such evidence should be excluded under FRE 403).

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court exclude the evidence and arguments described above.

Respectfully submitted,

*/s/ Michael J. Mueller*
Michael J. Mueller (admitted *pro hac vice*)
E-mail: mmueller@hunton.com
HUNTON & WILLIAMS LLP-DC
1900 K Street, NW
Washington, DC 20006
(202) 419-2116
(202) 778-7433 (facsimile)

*/s/ Terence J. Thum*
E-Mail: tjthum@BryanCave.com
BRYAN CAVE
3500 One Kansas City Place

1200 Main Street
Kansas City, MO 64105
(816) 374-3200
(816) 374-3300 (facsimile)
Attorneys for Defendants,
TYSON FOODS, INC.
TYSON FRESH MEATS, INC.


Attorneys for Defendants,
TYSON FOODS, INC.
February 16, 2011                        TYSON FRESH MEATS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2011, I served the foregoing

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS *IN*

*LIMINE* TO EXCLUDE CERTAIN EVIDENCE by electronic mail on the following:


Eric L. Dirks
George A. Hanson
Lee Anderson
STUEVE SIEGEL HANSON WOODY LLP
330 West 47th Street, Suite 250
Kansas City, MO  64112

Adam T. Klein
Justin M. Swartz
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016


*/s/ Terence J. Thum*
Terence J. Thum