# EXHIBIT 1

FILED
2010 Jun-04 AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:02-CV-01174-VEH<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT

This cause came on for consideration upon joint motion of the parties for entry of this judgment, without further contest. This consent judgment fully and finally resolves all claims in this action, including all claims for monetary and injunctive relief sought by plaintiff pursuant to sections 7, 15(a) (2), 11(c), and 15(a) (5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 215(a) (2), 211(c), and 215(a) (5). The relief herein is pursuant to the foregoing provisions of the FLSA. The effective date ("effective date") is the date of entry of this consent judgment.

By entering into this consent judgment defendant does not admit to any violation of the law. This settlement resolves all disputed claims. Except for purposes of this lawsuit, neither party waives or relinquishes its positions as

asserted previously in the litigation. The parties agree that this consent judgment is not intended to be admissible for any purpose in any other action whether currently pending or yet to be filed, except that this provision shall not apply to any action commenced by plaintiff.

It is, therefore, **ORDERED, ADJUDGED** and **DECREED** that defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this consent judgment are permanently enjoined at defendant's poultry processing facilities. This injunction specifically applies as follows:

A.  1.  Each hourly paid processing employee who works on the production line during a production shift will be paid for all hours worked from the start of his or her first principal activity of the work day until the end of the last principal activity of his or her work day, including any time spent walking and waiting after the first principal activity and before the last principal activity has been performed, with the exception of any time taken for any bona fide meal period or bona fide off-duty time (together referred to hereafter as "unpaid break"). This period of time is referred to herein as the "continuous workday." Each such employee will be compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

   a.  Principal activities include the donning of protective and sanitary items at the plant (excluding such items that employees are permitted to, and can reasonably, wear from home into the plant), obtaining these protective and sanitary items at the beginning of the work day (excluding walking and/or waiting to obtain), the doffing of protective and sanitary items at the plant, and disposing of these protective and sanitary items at the end of the work day, as well as washing and sanitizing by the employees of themselves and their protective and sanitary items.

   b.  The only uncompensated time in the continuous workday will be during any unpaid break. Defendant shall record and pay for all time until the employees' last work activity is completed prior to any unpaid break. Defendant shall also record and pay for all time from the start of the first work activity after any unpaid break. Work activities include the obtaining (excluding walking and/or waiting to obtain), disposal, donning and doffing of protective and sanitary items, and washing and sanitizing by employees of themselves and their protective and sanitary items.

   2.  Paragraphs A.1., A.1.a., A.1.b., and B. shall become fully effective with respect to all of defendant's non-union plants no later than December 1, 2012. During the interim period, which will begin on June 8, 2010 or upon entry of this judgment, whichever is later, and end when defendant achieves compliance with

paragraphs A.1., A.1.a, and A.1.b above, defendant will pay each hourly production worker 12 minutes for non-production time at each plant with two unpaid breaks, or 8 minutes for non-production time at each plant with one unpaid break. These payments will be in addition to payments made for production time for each hourly paid processing employee. An overtime premium will be added to these amounts when required by section 7 of the Fair Labor Standards Act. The interim period and the attendant obligation to pay extra minutes will end on a facility by facility basis such that when each facility achieves compliance with paragraphs A.1., A.1.a., and A.1.b., that facility's interim period and obligation to pay extra minutes will both expire.

    3.    Although any time spent in changing clothes or washing at the beginning or end of each workday may be excluded from measured working time under 29 U.S.C. 203(o) by the express terms of or by custom or practice under a bona fide collective-bargaining agreement, paragraphs A.1., A.1.a, and A.1.b (but not paragraph A.2) of this consent judgment shall become fully effective with respect to defendant's union plants on December 1, 2012, by request of the applicable union.

Defendant shall provide a copy of this consent judgment to all of the applicable unions (with a courtesy copy to plaintiff's counsel) at each of its union

plants immediately upon the filing of the motion to approve the consent judgment by plaintiff and defendant.

Defendant shall implement the requirements of paragraphs A.1., A.1.a, and A.1.b in accordance with this paragraph A.3. solely for those union plants where the applicable union (or unions) requests (request), in writing no later than the 60th day after receipt of this consent judgment, that a particular plant or plants be included under the terms of this section A ("union notice"). The union notice must be sent in writing to the following:

> Joel M. Cohn
> Akin Gump Strauss Hauer & Feld, LLP
> 1333 New Hampshire Avenue, N.W., Suite 400
> Washington, D.C. 20036
>
> John A. Black
> Office of the Solicitor
> U.S. Department of Labor
> 61 Forsyth Street, S.W., Room 7T10
> Atlanta, GA 30303

4.   Defendant shall inform the Wage and Hour Division that it has met the requirements of this consent judgment with respect to each of defendant's poultry processing facilities.

B.   Defendant shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and 29 C.F.R. Part 516, fail to make, keep, and preserve adequate and accurate employment records of the wages paid to

5

and hours worked by employees covered by this consent judgment from each employee's first principal activity to that employee's last principal activity as provided in this consent judgment.

      C.    Should the Supreme Court, after the effective date of this judgment, issue a final and precedential opinion in an action under the FLSA involving donning and doffing practices which are not materially distinguishable from defendant's practices at particular facilities, then defendant, in any such facilities, shall be entitled to act consistent with the opinion until it is overruled or otherwise nullified. Should a federal court of appeals, after the effective date of this judgment, issue a final and precedential opinion in an action under the FLSA involving donning and doffing practices which are not materially distinguishable from defendant's practices at facilities within that circuit, then defendant, in any such facilities within that circuit, shall be entitled to act consistent with the opinion until it is reversed, overruled, or otherwise nullified. However, nothing in this paragraph shall affect defendant's obligations under paragraph A.3. Plaintiff has the authority to monitor defendant's compliance with this consent judgment. Should plaintiff detect any non-compliance with this consent judgment, plaintiff agrees to provide written notice of such non-compliance to defendant and a reasonable opportunity to correct any deficiency prior to filing any action to enforce the consent judgment.

D.  Defendant will pay to plaintiff overtime compensation in the total amount of $500,000.00 to defendant's employees named in the attached exhibit A for the period May 14, 2000 to the effective date.  Within 30 days after the entry of this consent judgment, defendant will provide to plaintiff a list of the names and last known addresses of all persons on exhibit A.  Within 60 days after the entry of the consent judgment, defendant will deliver to plaintiff a single payment (via either wire or one check) equal to the sum of the net amounts (i.e., less all legally required routine withholdings) owed to all of the current and former workers.  Plaintiff will deliver all payments to all persons on exhibit A until June 2013; in the case of persons to whom checks are not delivered within three years after the effective date of this consent judgment, the funds otherwise intended for said person shall be deposited into the Treasury of the United States.  Plaintiff shall provide reports to defendant in writing semi-annually of the names and payments successfully delivered thus far.  After providing the single payment to plaintiff, defendant has no other duties or responsibilities relating to the payment of money under the consent judgment in this action other than the proper channeling of the withholdings and payment of employer's share of taxes.

E.  Neither the commencement of this action nor the provisions of this consent judgment shall in any way affect, determine, or prejudice any legal right of any individual not listed in exhibit A, or for any individual listed in exhibit A to

file any action against defendant for any violations alleged to have occurred after the effective date.

It is further **ORDERED** that plaintiff shall promptly proceed to distribute such unpaid compensation, less the employees' share of income tax and social security deductions, to defendant's employees or to their estate if necessary. In the event that any of said money cannot be distributed within the period of three years hereof because of inability to locate the proper person, or because of their refusal to accept such sums, the plaintiff shall deposit such funds with the Treasury of the United States.

It is further **ORDERED** that each party shall bear its own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, all attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

**DONE** and **ORDERED** this the 4th day of June, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

                                Respectfully submitted,

| | |
|---|---|
| /s/ Joel M. Cohn<br>JOEL M. COHN | M. PATRICIA SMITH<br>Solicitor of Labor |
| AKIN GUMP STRAUSS HAUER &<br>  FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Suite 400<br>Washington, D.C. 20036 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288 | By:/s/ John A. Black<br>    JOHN A. BLACK<br>    Attorney |
| /s/ David M. Smith<br>DAVID M. SMITH | Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W., Room 7T10<br>Atlanta, GA  30303 |
| MAYNARD, COOPER & GALE, P.C.<br>2400 AmSouth/Harbert Plaza<br>1901 Sixth Avenue North<br>Birmingham, AL 35203-2602 | |
| Telephone: (205) 254-1000<br>Facsimile: (205) 254-1999 | Telephone:  (404) 302-5435<br>Facsimile:  (404) 302-5438<br>E-mail: atl.fedcourt@dol.gov |
| Attorneys for Defendant | Attorneys for Plaintiff |