IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADELINA GARCIA, ANTONIO GARCIA, and JERONIMO VARGAS-VERA, individually, and on behalf of a class of others similarly situated<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br><br>TYSON FOODS, INC., and<br>TYSON FRESH MEATS, INC.,<br><br>　　　　　　　　　　　Defendants. | Case No.  06-2198-JWL/DJW |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Subject to further developments in the case, the submission of further proposed instructions or modification or withdrawal of some of these instructions after the completion of the submission of the evidence, Plaintiffs submit the following jury instructions for use by the Court.  Plaintiffs object to the failure to give these instructions and object to the use of any other instructions without Plaintiffs' agreement.  Plaintiffs note that the Court has advised the parties that they need not propose "standard" jury instructions.

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

Representative Action

As I mentioned to you at the outset, this case is proceeding as a class and collective action. This procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. The procedure is intended to avoid having multiple plaintiffs filing separate identical lawsuits in different courts and trying the same case multiple times before different judges. Thus, it avoids duplication of effort and expense. Your verdict here will be binding on all class and collective members.

You should not construe the physical absence of any class or collective member in any way as lack of concern or interest on his or her part as to the outcome of the litigation. It is the very purpose of the class and collective action procedure to avoid having to bring each class member to trial, and, therefore, the absence of class or collective members from this trial should not be construed against the class in any way.

Your job is to determine whether Plaintiffs have proven their claims based on the instructions I provide. You are not to reconsider my decision that the Plaintiffs properly bring their claims as a collective and class action and may proceed on the basis of representative evidence.

Authority

*In re Universal Service Fund Telephone Billing Practices Litigation*, 02-MD-1468-JWL, Doc. 1048, at 12 (D. Kan. Nov. 19, 2008)

Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) (Fair Labor Standards Act)

2

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

## Fair Labor Standards Act ("FLSA")

Your verdict must be for Plaintiffs if you find that Defendant Tyson did not pay for all hours within the "continuous workday."

Authority

*IBP, Inc. v. Alvarez*, 546 U.S. 21, 28-29 (2005) (quoting 29 C.F.R. § 790.6)

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

Continuous Workday

The "continuous workday" is defined as all time between when employees first perform an "integral and indispensable" activity until the time employees perform their last "integral and indispensable" activity, excluding "meal periods."

Authority

*IBP, Inc. v. Alvarez*, 546 U.S. 21, 28-29 (2005) (quoting 29 C.F.R. § 790.6)

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

Integral and Indispensable Activity

An "integral and indispensable activity" is any activity performed by Plaintiffs which is necessary to Tyson's business and performed by Plaintiffs in the ordinary course of business.

Authority

*Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1290 (10th Cir. 2006)

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

Meal and Rest Periods

The portion of a meal period where Plaintiffs are fully and completely relieved from duty is properly excluded from the compensable workday. Rest periods of short duration, running from 5 minutes to about 20 minutes, promote the efficiency of the employee and must be counted as hours worked.

Authority

*Perez v. Mountaire Farms, Inc.* F.Supp.2d 499, 521 (D. Md. 2009) ("once it has been determined that donning and doffing time is compensable, it would be unfair to artificially 'turn off the clock' when the company says that lunch time has started."); *accord Chavez v. IBP, Inc. and Tyson Foods, Inc.*, 2005 WL 6304840, *13 (E.D. Wash. May 16, 2005) ("meal break donning and doffing is compensable work").

29 C.F.R. § 785.18; *Mitchell v. Greinetz*, 235 F.2d 621, (10th Cir. 1956) (applying 29 C.F.R. § 785.18 and stating of rest breaks, "While no doubt they are beneficial to the employees, they are equally beneficial to the employer in that they promote more efficiency and result in greater output, and that this increased production is one of the primary factors, if not the prime factor, which leads the employer to institute such break periods.").

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

Burden of Proof Regarding Damages

Where the employer's records of time worked are inaccurate or inadequate, the solution is not to penalize the employees by denying them recovery on the ground that they are unable to prove the precise extent of uncompensated work. Such a result would improperly reward an employer's failure to keep time records. Therefore, where Tyson has failed to record compensable time, the Plaintiffs need only produce evidence sufficient to support a reasonable inference of the amount and extent of the unpaid time.

The burden then shifts to Tyson to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the Plaintiffs' evidence.

Defendant Tyson cannot be heard to complain that Plaintiffs' estimates lack the exactness and precision of measurement that would be possible had Tyson kept records of all time worked.

Authority

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Metzler v. IBP, Inc.*, 127 F.3d 959, 965-66 (10th Cir. 1997) (quoting *Mt. Clemens*)

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

Verdict on Fair Labor Standards Act Claim

**Note: Complete the following paragraph by writing in the name required by your verdict.**

On Plaintiffs' Fair Labor Standards Act Claim, we find in favor of:

_____

Plaintiffs OR Defendants

**Note: Answer the next question if the above finding is in favor of Plaintiffs.**

We find Plaintiffs are entitled to damages in the amount of:

The amount of uncompensated wages recoverable under the FLSA for the FLSA Plaintiff Class applying a 3 year limitations period is:

$ _____

The amount of uncompensated wages recoverable under the FLSA for the FLSA Plaintiff Class applying a 2 year limitations period is:

$ _____

Dated:_____    _____
                                                    Foreperson

8

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

Verdict on Kansas Wage Payment Act ("KWPA") Claim

If you found in favor of Plaintiffs under Count I, then you must also determine the amount of damages owed under Count II, Plaintiffs' Kansas Wage Payment Act Claim.

The amount of wages recoverable under the KWPA claim is:

$ _____.

Dated: _____          _____
                                Foreperson

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

Willfulness Under the FLSA

[In the event the issue of willfulness is tried to the jury, Plaintiffs propose the following instruction]:

If you find for Plaintiffs, then you must also decide whether Tyson's conduct was "willful." This means that Tyson knew or showed reckless disregard for whether its conduct was prohibited by law.

Authority

*Reich v. Monfort, Inc.*, 144 F.3d 1329, (10th Cir. 1998)

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

Willfulness Under KWPA

[In the event the issue of willfulness is tried to the jury, Plaintiffs propose the following instruction]:

If you find for Plaintiffs, then you must also decide whether Tyson's conduct was "willful." This means that Tyson knew it failed to pay all wages due. A willful act is one indicating a design, purpose, or intent to do wrong or to cause injury to another.

Authority

*Holder v. Kansas Steel Built, Inc.*, 224 Kan. 406, (1978)

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

[In the event the Court determines that Tyson may submit its *de minimis* defense to the jury, Plaintiffs propose the following instruction]:

Tyson has the burden of showing, by a preponderance of the evidence, that uncompensated time during the continuous workday: (1) constitutes only a small, insubstantial and insignificant amount of time in the aggregate; (2) is not regularly performed; and (3) cannot practically be recorded.  However, in weighing the evidence, you must accept that an employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time that the employee is regularly required to perform.

Authority

*Reich v. Monfort, Inc.*, 144 F.3d 1329, 1333-34 (10th Cir. 1998)

29 C.F.R. § 785.47; *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 374-75 (3d Cir. 2007); *Metzler v. IBP, Inc.*, 127 F.3d 959, 964 (10th Cir. 1997)

Plaintiffs also propose the following miscellaneous instructions:

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

Corporate Party's Agents and Employees

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

Authority

Federal Jury Practice and Instructions, O'Malley, at 103.31

13

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

Deposition Testimony

During this trial, evidence was presented to you by the reading or playing of depositions. This was the testimony of witnesses taken under oath. This testimony is to be weighed by the same standards as other testimony.

<u>Authority</u>

*Bennett v. Emerson Electric Co.*, No. 00-2335-JWL (D. Kan. Nov. 8, 2001) ("Instruction 33")

Respectfully Submitted,

| | |
|---|---|
| **GARCIA & ANTOSH LLP** | **STUEVE SIEGEL HANSON LLP** |
| Peter J. Antosh    KS Bar #21334 | |
| pja22@yahoo.com | /s/ George A. Hanson |
| 1401 Central Ave. | George A. Hanson    KS Bar #16805 |
| Dodge City, KS 67801 | hanson@stuevesiegel.com |
| PH:    620-225-7400 | Eric L. Dirks         D. Kan. Bar #77996 |
| FAX: 620-225-4339 | dirks@stuevesiegel.com |
| | Lee R. Anderson    KS Bar #22755 |
| **OUTTEN & GOLDEN LLP** | anderson@stuevesiegel.com |
| Adam T. Klein (admitted pro hac vice) | 460 Nichols Rd., Ste. 200 |
| ATK@outtengolden.com | Kansas City, Missouri 64112 |
| Justin M. Swartz (admitted pro hac vice) | PH:    816-714-7100 |
| JSM@outtengolden.com | FAX: 816-714-7101 |
| 3 Park Avenue, 29th Floor | **ATTORNEYS FOR PLAINTIFFS** |
| New York, New York 10016 | |
| PH:    212-245-1000 | |
| FAX:  212-977-4005 | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2011, I electronically filed the foregoing with the clerk of court using the CM/ECF system which will send a notice of the electronic filing to all counsel of record.

/s/ George A. Hanson
An Attorney for Plaintiffs