IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADELINA GARCIA, et al., individually, and on behalf of a class of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., and<br>TYSON FRESH MEATS, INC.,<br><br>Defendants. | Case No. 06-CV-2198-JTM |

**DEFENDANTS' MEMORANDUM REGARDING THE PROPER SCOPE OF COMPENSABLE TIME IN RESPONSE TO THE COURT'S FEB. 15, 2011 ORDER**

**I.   THE LAW UNIVERSALLY LOOKS AT "REASONABLE" TIME AS THE APPROPRIATE MEASURE OF COMPENSABLE TIME IN CLASS CASES**

In the seminal FLSA case involving donning and doffing (and other pre- and post-shift activities), the Supreme Court held that "compensable working time [is] limited to the *minimum time necessarily spent* in walking at an ordinary rate along the most direct route …." *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 692 (1946) (emphasis added). The Court reasoned:

> Many employees took roundabout journeys and stopped off en route for purely personal reasons. It would be unfair and impractical to compensate them for doing that which they were not required to do. Especially is this so in view of the fact that precise calculation of the minimum walking time is easily obtainable in the ordinary situation.

*Id.* In addressing other pre-shift activities, the Court pointed out how any other view of the workweek could result in increased pay solely by the fortuitousness of how early some employees chose (or happened) to arrive for work:

> The employees did not prove that they were engaged in work from the moment when they punched in at the time clocks to the moment when they punched out. … The first person in line at the clock would be checked in at least 8 minutes before the last person. It would be manifestly unfair to credit the first person with 8 minutes more working time than credited to the last person due to the fortuitous circumstance of his position in line.

1

*Id.* at 689-90 (citation omitted).

Judge Earl O'Connor applied this rule in the earlier (DOL) lawsuit against the Finney County beef-processing plant, holding that "the proper measure is not the actual time spent, but the *reasonable time required*." *Reich v. IBP, inc.*, 1996 WL 137817, at *4 (D. Kan. Mar. 21, 1996) (emphasis added); *see also id.* at *3 ("even assuming the employee's estimates are accurate to a degree, they are still estimates of the actual time involved, rather than the reasonable time necessarily required."). This holding was explicitly affirmed by the Tenth Circuit, for the same reasons articulated by the Supreme Court in *Mt. Clemens Pottery*:

> Similar differences in personal routines occurred at the end of the shift. Given these circumstances, the district court concluded that the workers should be paid on the basis of a reasonable time to conduct these activities, not to include "wait and walk time," rather than the actual time taken. We believe reasonable time is an appropriate measure in this case.

*Reich v. IBP, Inc.*, 38 F.3d 1123, 1127 (10th Cir. 1994).

In the most recent donning and doffing case to come before the Supreme Court, *Alvarez v. IBP, Inc.*, the district court similarly held that "compensable time for each activity is on the basis of a reasonable time, rather than the actual time required for *each activity*." *See Alvarez v. IBP, Inc.*, No. CT-98-5005-RHW, 2001 WL 34897841, at *11-2 (E.D. Wash. Sept. 14, 2001) (see especially chart at *12 listing time for each article of clothing). The Ninth Circuit affirmed, explicitly adopting *Reich v. IBP*: "Heeding *Mt. Clemens'* 'approximate' term, the Tenth Circuit, in *Reich,* affirmed a damage award based on 'reasonable time' measures where 'differences in personal routines occurred at the end of [a] shift.'" 339 F.3d 894, 914 (9th Cir. 2003) (quoting *Reich v. IBP*). The Ninth Circuit explained that such a measurement is not a judgment call on whether a particular employee acted unreasonably or not, but is a necessary byproduct of a class-action case: "a 'reasonable' time sufficed for damage calculation where myriad internal 'differences' permeated a class-wide award …." *Id*. Although the Supreme Court granted

*certiorari* and ruled on different grounds, it left the measure of damages untouched, because it presumably viewed this long-standing measure of compensability as being consistent with the long-standing "continuous workday" rule.  *See* 546 U.S. 21, 126 S. Ct. 514, 519 (2005) (citing *Mt. Clemens Pottery* for proposition that only "the time necessarily spent … must be treated as part of the workweek.").

     In light of the above, Plaintiffs cannot argue, in this class case, that they are entitled to recovery for whatever "actual" time each of them (or each of the subjects observed by their expert, Dr. Radwin) happened to spend engaged in the activities at issue (as well as myriad non-work activities, such as socializing or walking odd routes).  Virtually every court to have confronted this issue has applied "reasonable" time as the appropriate measure of compensable time.  *See Amos v. United States*, 13 Cl. Ct. 442, 443, 448-50 (Cl. Ct. 1987) (compensable time at the start and end of the workday was limited to the amount of time reasonably required); *Anderson v. Wackenhut Corp.*, No. 507 CV 137 DCBJMR, 2008 WL 4999160, at *6 (S.D. Miss. Nov. 18, 2008) (rejecting claim that Supreme Court's decision in *IBP, Inc. v. Alvarez* held that all time occurring after the first principal activity is compensable); *Bull v. United States*, 68 Fed. Cl. 212, 227 (Fed. Cl. 2005) (quoting *Amos* with approval); *Albanese v. Bergen County*, 991 F. Supp. 410, 423-24 (D.N.J. 1997) (citing *Amos*, 13 Cl. Ct. at 44) ("employees must show that the overtime hours they worked must be reasonable in order for those hours to be compensable"); *Hellmers v. Town of Vestal*, 969 F. Supp. 837, 844 (N.D.N.Y. 1997) ("amount of overtime an employee claims to have spent must be reasonable …").[1]

---

[1] We anticipate that Plaintiffs will point to the injunction issued by Judge O'Connor in *Reich v. IBP*.  The injunction is inapposite for several reasons.  First, the question posed by this Court, and which is pertinent to this private case for back wages, is how much time *should* have been compensated on a class-wide basis.  The authorities cited above uniformly answer that question in terms of "reasonable" time.  Second, the injunction issued by Judge O'Connor does not use the term "actual" time and, even if it had, private plaintiffs do not have standing to raise recordkeeping violations.  *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002).  Third, in an early ruling in this case, Judge Lungstrum wrestled with the question of whether that injunction required Defendants to

Courts also routinely use the test of "minimal" or "reasonable" time when analyzing the *de minimis* doctrine. *See, e.g.*, *Brock v. City of Cincinnati*, 236 F.3d 793, 804 (6th Cir. 2001) (in determining application of *de minimis* doctrine, court considered reasonable amount of time); *Musticchi v. City of Little Rock, Arkansas*, 734 F. Supp. 2d 621, 2010 WL 3327998 at **9, 11 (W.D. Ark. Aug. 24, 2010) ("when deciding whether an activity should be considered *de minimis* the court must look at the minimum time it takes to complete the task."); *McComb v. C.A. Swanson & Sons*, 77 F. Supp. 716, 724, 736 (D. Neb. 1948) (applying *de minimis* doctrine based on the "time reasonably" required for pre- and post-shift clothes changing activities).

## II. AN "ELEMENTAL" APPROACH IS THE APPROPRIATE METHODOLOGY FOR MEASURING THE COMPENSABLE TIME

The parties' experts utilized different time-measurement methodologies in conducting their time-studies of employee donning, doffing, washing, and walking time. Tyson's expert, Dr. Paul Adams, took an "elemental" approach in his study, measuring the average amount of time for 68 different categories of activities, including virtually every type of donning, doffing, rinsing, scrubbing, and waiting to wash, as well as all relevant walking time. On the other hand, Plaintiffs' expert, Dr. Robert Radwin recorded four large swaths of the day, *including* socializing and any indirect walking that happened to occur, and then averaged those. *See* Radwin Report at 6 (filed at Dkt. 875-2); Deposition of Robert G. Radwin at 222:17-223:3 (filed at Dkt. 890-5).[2]

---

pay for "reasonable" versus "actual" time. He merely ruled that Defendants were not entitled to *summary judgment* on this issue. *See* Dkt. 599 at pp.14-16. In his more recent summary judgment opinion, though, Judge Lungstrum made clear that Plaintiffs' argument for "actual time" cannot be supported by the *Reich* injunction: "Plaintiffs' arguments, then, focus exclusively on Tyson's obligations stemming from the *Reich* litigation–obligations, of course, that are limited to the donning and doffing of specialized gear utilized by knife-wielding employees. Neither the *Reich* litigation nor the *Reich* injunction obligated Tyson to take any action whatsoever with respect to the donning and doffing of standard protective clothing …." (Dkt. 952 at p.30)

[2] The reality is that *neither* expert has a measure of the "actual" time spent by each employee over the course of an entire day or over the entire limitations period. There are no such measures of time from any source. Radwin *calls* his approach a measure of "actual" time, and Adams calls his approach a measure of "reasonable" time, but both experts are reporting on "averages"; they just happen to be measuring different things.

Dr. Adams' methodology is the method that is supported by the case law. Since the Supreme Court decided *Alvarez*, many plaintiffs' counsel in donning and doffing cases have sought to exclude the opinions of employers' time-study experts on the ground that an "elemental" study such as Dr. Adams conducted is inconsistent with "the continuous workday rule." To the best of Defendants' knowledge, no court has ever accepted a plaintiff's argument that an "elemental" or "task-based methodology" is invalid in the context of a donning and doffing case. *See, e.g., Anderson v. Sara Lee Corp.,* 508 F.3d 181, 186 (4th Cir. 2007) (referring to the district court's decision to decline to exclude the expert's report, although it measured individual activities, and admitting it for the purpose of estimating the time needed by workers for the isolated acts); *Lewis v. Smithfield Packing Co.,* No. 7:07-CV-166-H, slip op. at 7-9 (E.D.N.C. Aug. 20, 2010) (holding that an expert report employing basically the same methodology as Dr. Adams' "elemental" approach was relevant, *inter alia,* to the amount of time at issue and factors for the *de minimis* defense) (filed at Dkt. 890-21); *Sandifer v. United States Steel Co.,* No. 2:07-CV-443 RM, 2009 WL 3430222, at *17-18 (N.D. Ind. Oct. 15, 2009) (in denying summary judgment to plaintiffs, court failed to agree with plaintiffs' argument that the measurement of donning and doffing activities must be in the aggregate to be consistent with the continuous workday rule); *Kasten v. Saint-Gobain Performance Plastics Corp.,* 556 F. Supp. 2d 941, 946 (W.D. Wis. 2008) (rejecting plaintiff's argument that expert's utilization of a task-based methodology was legally improper, and finding the report relevant); *Chao v. Tyson Foods, Inc.,* No. 2:02-cv-1174-VEH, slip op. at 7-8 (N.D. Ala. Sept. 7, 2007) (expert's methodology was relevant, *inter alia,* to factors to be considered on *de minimis* defense) (filed at Dkt. 890-22).

February 25, 2011                                  Respectfully submitted,

                                                   Michael J. Mueller
                                                   Evangeline C. Paschal
                                                   HUNTON & WILLIAMS LLP
                                                   1900 K Street, N.W.
                                                   Washington, D.C. 20006
                                                   Telephone: (202) 419-2116

                                                   */s/ Terence J. Thum*
                                                   Craig S. O'Dear (D. Kan. 70379)
                                                   Robert J. Hoffman (KS 16453)
                                                   Terence J. Thum (D. Kan. 70084)
                                                   BRYAN CAVE LLP
                                                   1200 Main Street, Suite 3500
                                                   Kansas City, Missouri 64105
                                                   Telephone: (816) 374-3200
                                                   FAX: (816) 374-3300
                                                   csodear@bryancave.com
                                                   rjhoffman@bryancave.com
                                                   tjthum@bryancave.com

                                                   Attorneys for Defendants Tyson Foods, Inc. and
                                                   Tyson Fresh Meats, Inc.

## CERTIFICATE OF SERVICE

       I hereby certify that on February 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Eric L. Dirks | Adam T. Klein |
| George A. Hanson | Linda a. Neilan |
| Lee R. Anderson | Justin M. Swartz |
| STUEVE SIEGEL HANSON LLP | OUTEN & GOLDEN LLP |
| 330 West 47th Street, Suite 250 | 3 Park Avenue, 29th Floor |
| Kansas City, MO  64112 | New York, NY  10016 |

Peter J. Antosh
GARCIA & ANTOSH LLP
1401 Central Ave.
Dodge City, KS  67801

                                                    s/ Terence J. Thum
                                                   Attorney for Defendants