IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADELINA GARCIA, ET. AL.,

    Plaintiffs,

vs.                                        Case No. 06-2198-JTM

TYSON FOODS, INC. ET. AL.,

    Defendants.

MEMORANDUM AND ORDER

The current matter for resolution concerns plaintiffs' application for attorneys' fees. Plaintiffs have sent the court and defense counsel a letter concerning the matter, which the court shall construe as a motion. Defendants have also responded by email. For the following reasons, plaintiffs' request is granted in part and denied in part.

The parties have conferred pursuant to D. Kan. R. 54.2 and were unable to reach agreement on the amount of plaintiffs' attorneys' fees. In this motion, plaintiffs request defense counsel provide it with: (1) the total quantity of hours by each lawyer and other timekeepers spent on the litigation to date; and (2) the respective hourly rates for each timekeeper, including the rates charged by Hunton & Williams and Mr. Muller's previous firm, Akin, Gump, Strauss, Hauer, & Feld. It is defendants' position that the hourly rates of its Washington D.C. counsel are irrelevant. Defendants have agreed to provide plaintiffs with the hourly rates charged by Lathrop & Gage and Bryan Cave in this matter. Defendants have also refused to provided plaintiffs with the total number of hours defense counsel expended defending the case.

**Attorneys' Fees Analysis**

Under the Fair Labor Standards Act, prevailing plaintiffs are entitled to recover reasonable attorney's fees to be paid by the defendant. 29 U.S.C. § 216(b) (2006). When determining reasonable attorneys' fees the Tenth Circuit follows the procedures outlined in *Ramos v. Lamm*. *See Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1159 (10th Cir. 1992). Under *Ramos*, the applicant bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended and hourly rates. 713 F.2d at 552-53, *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). "'To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate.'" *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)). Once this is done, the lodestar figure is presumed a reasonable amount subject to adjustment by the court if necessary. Pertinent to this motion, it is necessary only to analyze whether the information plaintiffs seek is relevant to their application for attorneys' fees. As discussed below, it is not.

*Hourly Rate*

In examining the hourly rate, the court looks "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "'The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time.'" *Case*, 157 F.3d at 1256 (quoting *Ramos*, 713 F.2d at 555). In making this determination, if the court

does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate." *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quotations omitted). The Tenth Circuit defines the relevant community for the purposes of attorneys' fee awards as the area in which the litigation occurs. *Ramos*, 713 F.2d at 555 (applying local rate to civil rights litigation involving prison conditions). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Jane L.*, 61 F.3d at 1510 (applying local rate to constitutional challenge of state abortion law) (citing *Ramos*, 713 F.2d at 555).

Because the standard requires looking to the prevailing market rates in the relevant community in which the litigation occurs, it is irrelevant what defense counsel's Washington D.C. firms charged to defend this case. The only relevant community is Kansas City, and defendants have indicated they do not object to disclosing the hourly rates charged by their Kansas City law firms. Plaintiffs have cited several cases supposedly supporting their argument that discovering the hourly rates of Washington D.C. counsel are relevant. *See Shrout v. Holmes*, No. 00-2069, 2001 WL 980280, at *3 (D. Kan. Aug. 10, 2001); *Pooshs v. Fluoroware, Inc.*, 1996 WL 195542, at *5 (9th Cir. 1996); *Hnot v. Willis Group Holdings Ltd.*, No. 01 Civ. 6658, 2008 WL 1166309 (S.D.N.Y. Apr. 7, 2008); *Ruiz v. Estelle*, 553 F. Supp. 567, 584 (S.D. Tex. 1982); *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 66 F.R.D. 483, 485 (W.D.N.C. 1975). However, none of these cases involved defense counsel outside of the relevant community in which the litigation took place, thus, these citations do not support plaintiffs' argument. As a result, the court orders defendants to disclose

only the hourly rates charged by the Kansas City law firms utilized to defend this case, including the hourly rates of attorneys and other timekeepers at those firms.

*Hours Expended*

In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250. "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998) (quotations omitted).

Plaintiffs' request to discover the total number of hours defense counsel spent defending this case is also irrelevant. Defendants have stated they do not intend to challenge the amount of hours plaintiffs spent on the case. Because the total number of hours is not at issue, the amount of hours defense counsel spent defending the case is irrelevant. Thus, the court denies plaintiffs' request to discover the amount of hours expended by defense counsel defending this case.

IT IS ACCORDINGLY ORDERED this 13th day of May 2011, that plaintiffs' request for discovery related to its application of attorneys' fees is denied.

IT IS FURTHER ORDERED that defendants shall disclose the hourly rates charged by the Kansas City firms utilized to defend this case, including the hourly rates of attorneys and other timekeepers at those firms. Defendants are not required to disclose the hourly rates charged by the Washington D.C. firms involved in this case.

IT IS FURTHER ORDERED that plaintiffs' request to discover the amount of hours expended by defense counsel defending this case is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE